AYRES, Judge.
This is an action in tort arising out of a motor vehicle collision on U. S. Highway 80 about 10 miles east of Bossier City near midnight of December 27, 1963, wherein plaintiff seeks to recover damages for personal injuries as well as those sustained to his automobile.
Plaintiff’s automobile, while parked at Josephine’s Place, a business establishment located south of the highway, was struck by a motor vehicle which had left the highway after colliding with an oncoming car. Plaintiff had entered his car and was making preparations to drive away when the collision occurred. Involved in the collision first occurring on the highway was a Ford automobile owned and driven by defendant Nichols and a Pontiac convertible owned by Harry Mortimer Smith, operated at the time by David James Rowe, a minor son of Mrs. Floyd H. Wiggins, Jr.
The highway in the vicinity of the accident is a 4-lane, main, paved thoroughfare with two east- and two westbound traffic lanes separated by a median strip through which, at intervals, crossovers are provided.
The first of the aforesaid collisions occurred as the Nichols’ Ford, proceeding in a westerly direction, made a left turn and crossed over into the eastbound traffic lanes, with the driver’s intention of continuing across the highway and stopping at the business establishment located south of the highway. The Pontiac driven by Rowe in an easterly direction in the eastbound traffic lanes struck Nichols’ Ford *644 and then, out of control, left the highway and struck plaintiff’s Oldsmobile.
Made defendants in addition to Nichols, Smith, and Mrs. Wiggins, the latter in her individual capacity as well as that of natural tutrix of her minor son, were The Aetna Casualty and Surety Company, liability insurer of the Smith Pontiac, and State Farm Mutual Automobile Insurance Company, insurer of the Wiggins’ family vehicle, a Rambler station wagon.
Nichols was charged with negligence in operating his car in a careless and reckless manner, in failing to keep a proper lookout, and in entering the eastbound traffic lanes in front of oncoming traffic. Rowe was charged with negligence in addition to his failure to keep a proper lookout, with excessive speed and in failing to keep his vehicle under control. Various issues such as the applicability of coverage afforded by their policies were presented in the insurers’ answers, either as defendants in the main action or as third-party defendants.
After trial, upon a finding of fault on the part of both Nichols and Rowe, there was judgment in favor of plaintiff against defendants Nichols, Mrs. Wiggins, as natural tutrix of her minor son, and the State Farm Mutual Automobile Insurance Company, in solido, for the principal sum of $17,976.60, limiting, however, the judgment as against the State Farm Mutual Automobile Insurance Company to the principal sum of $5,000.00, in accordance with its policy limits. Plaintiff’s demands against The Aetna Casualty and Surety Company were rejected, as were the third-party demands of State Farm Mutual Automobile Insurance Company against The Aetna Casualty and Surety Company, and those of Mrs. Wiggins against State Farm Mutual Automobile Insurance Company.
From the judgment thus rendered and signed, a devolutive appeal was perfected by plaintiff from that portion of the judgment denying recovery against The Aetna Casualty and Surety Company; a suspensive appeal, by Mrs. Floyd H. Wiggins, natural tutrix of the minor, David James Rowe, and by State Farm Mutual Automobile Insurance Company; and a devolutive appeal, by Mrs. Floyd H. Wiggins, Jr.
Of primary consideration on these appeals is the issue of liability, that is, the question by whose fault the accident occurred.
The defendant Nichols, having been found at fault and not having perfected an appeal, the question presented below as to his fault is no longer an issue. The judgment in that respect is final.
Therefore, the issue now before the court is limited to an inquiry into the fault, vel non, of David James Rowe. No serious dispute exists as to the facts relating to Rowe’s alleged negligence. Rowe, accompanied by his girl as a guest passenger, was driving easterly on the south side of the eastbound traffic lanes of the highway at a lawful rate of speed, from 60-65 m. p. h. Before he reached the scene where the accident occurred, he saw Nichols’ car in the crossover, but, due to its movements, there was nothing to indicate or warn him that Nichols intended to project his car into the eastbound traffic lanes. Nichols testified that he started across but that his motor stalled and, before he could get it started, Rowe hit the vehicle. With Nichols’ car projecting into Rowe’s traffic lane, and with Rowe only about 30 feet away, Rowe realized an accident was inevitable, whereupon he released the steering wheel, grabbed his friend and pushed her down below the dashboard in front of the seat in an effort to save her from injury.
The record establishes that, by Nichols’ projecting his automobile into the eastbound traffic lanes in front of and in the path of Rowe’s car, Rowe was confronted with an emergency to which he had not contributed, and to avoid it he had neither time, opportunity, nor means.
*645 Though the evidence shows that Rowe’s continued hold on the steering wheel would not have prevented the collision, nevertheless, if it could be said that the releasing of a wheel constituted negligence, Rowe could only be said to have made an unwise choice of alternatives in an emergency. Under such circumstances, his acts would constitute neither direct nor contributory negligence. Davis v. Lewis & Lewis, 226 La. 1064, 78 So.2d 174 (1954); Snodgrass v. Centanni, 229 La. 915, 87 So. 2d 127 (1956); Wood v. Manufacturers Casualty Insurance Co., 107 So.2d 309, 314, La.App., 2d Cir. 1958.
Moreover, as pointed out in Kientz v. Charles Dennery, 209 La. 144, 24 So.2d 292 (1945), in gauging the fault which may be attributable to a motorist who was operating his vehicle in obedience to positive law, such as at a lawful speed and in a proper traffic lane, one should be convinced that the dereliction was most substantial and it was such a direct factor that, without it, the accident would not have occurred. See Wood v. Manufacturers Casualty Insurance Co., supra.
On a basis of the facts contained in the record and the principles of law to which we have referred, we find no basis whereby Rowe may be held at fault. Defendant Nichols, as heretofore noted, not having appealed, and plaintiff not having appealed so far as concerns the amount of the award of damages, the judgment with respect to such quantum is final as between them, who are the only interested parties remaining before the court.
The disposition of this case upon its merits dispenses with the necessity of considering the motion of defendant State Farm Mutual Automobile Insurance Company to remand to permit the introduction into evidence of a true copy of its policy.
For the reasons assigned, the judgment appealed is amended by rej ecting plaintiff’s demands against defendants Mrs. Floyd H. Wiggins, Jr., individually and as natural tutrix of the minor, David James Rowe, and State Farm Mutual Automobile Insurance Company, and, as thus amended, it is affirmed. Plaintiff is assessed with the costs of this appeal.
Amended and affirmed.