BAILES, Judge.
These two cases are before us as one appeal from separate judgments rendered in each case. These cases were consolidated for trial in the court below and the records are combined and the cases are consolidated here for the purpose of this appeal.
Both cases arise from one accident, a left turn collision. Mrs. Jeanette B. Acosta and Mrs. Dorothy Tanner, each driving automobiles owned by their respective husbands, were traveling north on Louisiana Highway 22, a two lane blacktop highway located in Ascension Parish, Louisiana. Mrs. Acosta’s was the lead vehicle. Approximately one mile north of the intersection of Highway 22 and U.S. Highway 61 at Sorrento, Mrs. Acosta turned her car left, across the south bound lane of Highway 22, to enter a private driveway and was struck on the left rear fender and bumper by the vehicle driven by Mrs. Tanner, who, shortly before the collision, had steered her car into that south bound or left hand traffic lane to pass. The point of impact was approximately at the center of the south bound lane.
Allstate Insurance Company, insurer of the Tanner automobile, as subrogee, brought suit against the Acostas for damage to the Tanner vehicle less the deductible amount. The defendants answered denying negligence on the part of Mrs. Acosta, alleging negligence or contributory negligence on the part of Mrs. Tanner and, in the alternative, pleading that Mrs. Tanner had the last clear chance to avoid the accident.
*489 The Acostas then filed suit against Allstate and the Tanners seeking to recover for personal injuries sustained by Mrs. Acosta and other damages. Defendants’ answer denied negligence on Mrs. Tanner’s part and alleged that negligence on the part of Mrs. Acosta was the cause of the accident or a contributing cause thereof.
The matter was tried and judgment rendered in favor of the defendants in both suits on a finding by the trial court that Mrs. Acosta was negligent in executing her left turn and that Mrs. Tanner was contributorily negligent in not maintaining proper control of her automobile. The dismissed plaintiffs in both suits perfected devolutive appeals.
We affirm the trial court’s finding of negligence on the part of Mrs. Acosta. The record establishes that she looked into her side and rear view mirrors twice as she slowed her vehicle and signaled her intent to turn left. In neither case did she observe the overtaking Tanner vehicle though the roadway was straight and unobstructed for 400 to 500 feet to her rear. It was also established that Mrs. Tanner was able to see the Acosta automobile one fourth mile from the scene of the accident and that she approached, in the right hand or north bound traffic lane, to within 70 feet of the Acosta auto before beginning her passing maneuver 140 feet from the point of impact. Under these circumstances we can only conclude that Mrs. Acosta failed to see what she could and should have seen. There is no support in the record for the contention that Mrs. Tanner was not in view at the time Mrs. Acosta began her turn but because of terrific speed overtook Mrs. Acosta before the turn was completed.
The legal rule by which Mrs. Acosta’s actions are to be judged is well established. A left turning motorist must exercise a high degree of care in executing this turn and is required to ensure that the turn can be made without endangering overtaking motorists. This duty demands not only proper signaling of the intent to turn but also adequate observation to the rear. LSA-R.S. 32:104; Nugent v. Glover, La.App., 205 So.2d 129. Mrs. Acosta’s failure in the latter respect, in failing to see what she should have seen, is negligence which was the proximate cause of the accident.
The finding by the trial court of concurrent negligence on the part of Mrs. Tanner must be reversed. It was established that Mrs. Tanner’s two year old son was standing beside her on the front seat of her automobile. After she steered into the passing lane but while still to the rear of the Acosta vehicle, Mrs. Tanner saw the Acosta brake lights flash on and immediately braked her own car. The child fell forward. Mrs. Tanner instinctively removed her right hand from the steering wheel and reached out to break the child’s fall and possibly released the pressure on her brakes. It was on these facts that the trial court found that Mrs. Tanner failed to maintain proper control of her vehicle. This finding is manifestly erroneous.
Mrs. Tanner was traveling at a speed near the 60 mph limit while Mrs. Acosta, prior to slowing down for her turn, was moving at 40 mph. Apparently at about the time Mrs. Tanner steered into the passing lane Mrs. Acosta began to slow down. Naturally, Mrs. Tanner was rapidly overtaking the Acosta vehicle. The only estimate of the distance between the two vehicles at this point is that given by Mrs. Tanner who testified she was 35 feet behind Mrs. Acosta when the Acosta brake lights came on. Mrs. Tanner saw the brake lights and blew her horn but Mrs. Acosta began her turn. Faced with this emergency, not of her own making for her driving was proper, Mrs. Tanner braked her car and then sought to protect her child. Though she may have momentarily lost perfect control of her vehicle we cannot classify this as negligence. The emergency actions of Mrs. Tanner were reasonable under the circumstances. Moreover, even if this action did constitute negligence we *490 are unable to find that it was a cause of the accident inasmuch as the proximity and relative speed of the cars would indicate that the collision was, at that point, unavoidable. See, Griffie v. Nichols, La.App., 188 So.2d 642. This being the case it cannot be argued that Mrs. Tanner had the last clear chance to avoid the accident.
In the absence of contributory negligence on the part of Mrs. Tanner, Allstate should recover the $308.73, which was proved to have been paid to the Tanners for damage to their automobile.
For the foregoing reasons the judgment in the case of Gilbert and Jeanette B. Acosta v. Allstate Insurance Company, et al, No. 13,521 on the docket of the trial court, in favor of the defendants and against the plaintiffs, is affirmed.
The judgment in the case, Allstate Insurance Company v. Gilbert and Jeanette B. Acosta, No. 13,349 on the docket of the trial court, in favor of the defendants and against the plaintiff, is reversed and set aside and judgment is rendered in favor of Allstate Insurance Company and against Gilbert and Jeanette B. Acosta, in solido, in the sum of $308.73, with interest from judicial demand until paid. Gilbert and Jeanette B. Acosta are cast for all costs of this appeal.
Affirmed; reversed and rendered.