ROGERS, J.
 

 This case involves only questions of fact. It is a suit for damages growing out of a collision between two automobiles on the public road between Segura and New Iberia. Plaintiff sued for $2,500, and defendant reconvened for $1,500. Each party charged the other with negligence.
 

 The court below dismissed both demands. This appeal is by the plaintiff. Defendant did not appeal.
 

 Plaintiff’s automobile was a five passenger “Chalmers Six.” At the time of the accident it was being driven by plaintiff’s nephew, then a student at St. Charles College, at Grand Couteau, La. There were nine people in the car. eight of whom, including plaintiff’s nephew, were students and members of the athletic team of said college, the other
 
 *275
 
 occupant being a young Jesuit scholastic, who was in charge of the party. Three of the occupants of the automobile were on the front seat, four were on the rear seat, and two were seated on a box placed in the tonneau between the seats. The party was proceeding from Grand Oouteau to New Iberia for the purpose of attending a base ball game which was scheduled to take place in the afternoon of the day on which the accident happened.
 

 Defendant’s automobile was a five passenger “Nash Six.” When the collision occurred it was being driven by defendant, a driver of 10 years’ experience, who was engaged in the mercantile business at Sunset, La. There were four people in this car, including the driver, two occupying the front seat and two the rear seat. The party was returning from New Iberia to Sunset.
 

 Both automobiles were wrecked by .the impact. The occupants of plaintiff’s car, although badly shaken up, were not seriously injured. The items of plaintiff’s claim for damages are $2,000 for injuries to the car, $250 for expenses while deprived of the use of the car, and $250 for the mental anguish which he suffered by reason of the danger to which his young nephew was subjected by the alleged negligence of defendant.
 

 The occupants of defendant’s car were also badly jarred by the collision, and one of them, the brother of the defendant, was so severely cut in the neck by a piece of flying glass that he was laid up in the hospital for 27 days. Defendant’s claim of $1,500 was for the damage done to his car.
 

 The road on which the automobiles were traveling was a dirt road, and at the point where the accident occurred was only 18 to 20 feet wide, with deep ditches and a dense growth of Cherokee hedge on each side. Immediately prior to the collision a rapidly driven Ford' automobile passed defendant’s car from the rear, and plaintiff’s car from the front, raising an' impenetrable cloud of dust which was held within the narrow roadway by the Cherokee hedge “as if in a funnel,” as described by one of the witnesses. The accident occurred within this dust cloud.
 

 There is the usual conflict of testimony which occurs in eases of this kind. Plaintiff claims that while his car was on the right side of the road it was run into by defendant, who was driving rapidly on the left side of the road. Defendant, on the other hand, contends that he was on the proper side of the road, and had slowed his car down, coming almost to a stop, when he was run into by plaintiff’s car driven at a reckless rate of speed. It is certain that defendant’s car was on the right side of the road when it was passed by the Ford car, because that car coming from the rear passed to the left of defendant’s car. It is equally certain that plaintiff’s ear was on the right side of the road, because the same Ford car approached it and passed to its left. Therefore both cars when they entered the dust cloud were correctly placed on the road.
 

 The district judge held that both parties were at fault in driving their automobiles in an impenetrable cloud of dust. We think he was correct in this. The dust was so thick that the occupants of the cars could not see 10 'feet ahead of them. Each of the cars measured approximately 6 feet from hub to hub, so that, allowing for a margin of safety from the ditch on each side, there was very little room on this narrow and much traveled roadway for cars to pass each other. In these circumstances it was inexcusable negligence for the drivers of the automobiles not to have come to a full stop until the dust had subsided.
 

 Judgment affirmed.