Plaintiff instituted this suit to recover damages caused to his automobile and for personal injuries to himself and for loss of earnings alleged to have been caused in a collision between his car and a truck owned and operated by T.E. Mercer. The liability insurer of Mercer is also made a party defendant.
Defendant denied the allegations of negligence charged to him and reconvened for damages caused to his truck by the collision.
The collision consisted of two vehicles sideswiping and a gin pole carried on the truck striking the body of plaintiff's car *Page 329 
and tearing it apart. The accident occurred on a graveled road leading from Haynesville, Louisiana, to Magnolia, Arkansas, at a point approximately three-fourths of a mile north of the north end of the pavement, the north end of the pavement being the dividing line between Arkansas and Louisiana. It occurred in a long gradual curve.
Plaintiff was traveling in a northerly direction and defendant's truck was traveling south. The highway was wide enough for three cars to travel abreast on it at the same time. Plaintiff's side of the road was on the outside of the curve and defendant's truck's right side of the road was the inside of the curve. Defendant's truck stopped almost at the instant of the impact, the driver having put on the emergency brake only a moment before the two vehicles collided. Plaintiff's car continued past the truck and behind it stopping on the truck's right side of the road. The truck driver testified that the moment he saw plaintiff's car he swung the front of the truck to the right but did not have sufficient time to clear the way for plaintiff's car. The truck was a heavy one with a trailer attached. Its over all length was 30 feet and it was equipped with dual wheels, there being ten wheels on the truck and trailer.
The evidence makes it clear to our minds that when the collision occurred the truck was in the middle of the road, its left wheels being several feet to the east of the imaginary center line of the road. It naturally follows that plaintiff's automobile was entirely on its right side, or east side, of the highway. The truck driver claims to have seen plaintiff's car when there was a distance of 30 or 40 feet between the truck and the car before the collision. Plaintiff swears he never saw defendant's truck at any time and did not know what struck him until he had regained consciousness while on the way to the sanitarium in Haynesville.
The accident occurred between ten and eleven o'clock on the morning of September 21, 1939. At that time there was considerable oil activity in and around Magnolia, Arkansas, and the traffic on the road leading to Magnolia from Haynesville, Louisiana, was very heavy. Plaintiff knew at that time that there were at least two heavy trucks ahead of him and three behind him, all traveling toward Magnolia. He apparently did not know that defendant's truck was on the road and traveling toward Haynesville. The weather was dry and the highway was dusty and it is common knowledge that a heavy truck or even a passenger car will raise more dust in rounding a curve on a dirt or graveled road than when traveling on a straight one. The truck driver, when asked about the dusty condition of the road, stated it was very dusty and that immediately after the accident there was so much dust he could not see plaintiff. Plaintiff testified it was very dusty. He could see only from 35 to 50 feet ahead of him. At another time he said, "I could not see anything ahead of me; it was one cloud of dust." And at another time he replied, "I was looking into a cloud of dust". He testified he could not see the truck just ahead of him because of the dust and that he did not imagine he ever got closer than 40 or 50 feet to the truck just ahead of him because he was trying to keep out of the range of its dust and also to prevent the flying gravel from breaking his windshield.
Plaintiff claims to have been traveling between 20 and 25 miles per hour when the collision occurred. The truck driver claims he was traveling at a similar speed. The trucks behind plaintiff going in the same direction and which plaintiff passed just before reaching the graveled portion of the road were traveling from 30 to 35 miles per hour and remained about three to four hundred feet behind plaintiff. They did not gain on him. Plaintiff was therefore evidently traveling at least 30 miles per hour. The truck driver just behind plaintiff and who testified in his favor stated they remained three to four hundred feet apart and behind plaintiff in order to keep out of the dust of the truck ahead.
The collision occurred just a moment after the northbound truck which was ahead of plaintiff and defendant's southbound truck had passed one another. It is the contention of defendant's truck driver that plaintiff pulled out to his left side of the road to pass the truck ahead of him and in doing so caused the collision. Plaintiff contends that defendant's truck driver immediately after passing the northbound truck cut over to his left or east side of the road and ran into plaintiff's car.
The above facts are as we appreciate them from a summary of all the testimony and on these facts the lower court rejected plaintiff's demands and also rejected defendant's reconventional demand. It did *Page 330 
not give written reasons but it is easy to assume that the lower court found the negligence of both the truck driver and plaintiff to be the proximate cause of the accident.
We are sure that the two trucks preceding plaintiff as they passed defendant's truck raised a cloud of dust sufficient to destroy any vision the truck driver might have had of the road ahead of him and that due to his vision being dusted out he allowed the truck to veer to the center of the road. He could not tell on what portion of the road he was traveling. He should have stopped his truck until such time as he could see where he was driving. He was negligent in not doing so and in allowing his truck to cross to the center of the road when he did not know there was not another vehicle occupying that lane of travel. His negligence was a proximate cause of the accident. That plaintiff was likewise blinded by the cloud of dust is forceably shown by the fact that he never at any time saw defendant's truck. He did not see it because he could not see it through the cloud of dust.
It might reasonably be argued that plaintiff would have been in as much danger if he had stopped in the cloud of dust as he was to have proceeded. If he had stopped he would have been in serious danger of being rammed from the rear by the truck which was trailing him. On the other hand if he had proceeded, blinded as he was, he was certain to be hit by defendant's truck, although he did not know it. He was in danger if he did and also in danger if he did not. He was in a precarious position he had brought about entirely by his own negligence. He was and had been trailing the northbound truck entirely too closely. According to his testimony he was from 40 to 50 feet behind that truck. The dust cloud caused by the forward truck almost completely marred his vision. He could not see a distance ahead sufficient to have stopped his car at the speed he was traveling had an emergency confronted him, and the law requires that he have sufficient vision ahead to do that at all times.
Plaintiff might have reasonably expected just such a predicament as he found himself in. Had he been trailing the forward truck by several hundred feet as the truck following him was doing, he would have had sufficient vision ahead for either himself or defendant's truck driver to avoid the collision. If plaintiff could have seen defendant's truck he could have avoided the collision by pulling slightly to his right. There was sufficient room for him to have passed defendant's truck safely. This is evidenced by the fact that the large trucks following him did pass the defendant's truck to its right after the accident and before defendant's truck had been moved.
Defendant's truck driver in passing the northbound truck was forced to take its dust. He had no other alternative. Plaintiff, who was trailing the northbound truck, did have the choice of staying far enough behind to avoid being blinded. He chose not to do so. His negligence in this respect was a proximate cause of the accident and bars his right to recovery of the damages he sustained in the collision.
The judgment of the lower court is correct and it is affirmed with costs.
TALIAFERRO and HAMITER, JJ., concur.