The plaintiff, Joseph P. Golden, brings this suit for $299.00, alleged to be due him as damages to his 1938 Chevrolet automobile caused by a collision with a Diamond T 1 1/2 ton truck, owned and operated by Cornelius Edinburgh, on December 22d 1945, at about 4:00 P.M., at the intersection of Tchoupitoulas and Poydras Streets, in the City of New Orleans. He sued Edinburgh and joined Creole Delicacies, Inc., as codefendant, as Edinburgh's employer.
During the trial of the case it developed that Edinburgh was not in the employ of the Creole Delicacies, Inc., but was an independent contractor, consequently, the suit was dismissed as to it and no appeal having been taken by the plaintiff, the Creole Delicacies, Inc., is no longer a party to the suit.
Golden recovered judgment against Edinburgh for $299.00 as prayed for and Edinburgh has appealed.
The judgment is said to be erroneous because the accident and collision was due *Page 100 
solely to the fault of the driver of plaintiff's automobile. Moreover, defendant complains of the failure of the trial judge to sustain his exception of no cause of action addressed to the petition of plaintiff, the contention being that the allegations of the petition made out a case of contributory negligence.
Considering the contentions of defendant in reverse order, we note that the petition alleges "that when the driver of said automobile reached the corner of Tchoupitoulas and Poydras Streets, he slowed down and looked carefully in both directions on Poydras Street, to ascertain if traffic was approaching from either direction and seeing none, he proceeded to cross Poydras Street" and "that when petitioner's car was about half way across the intersection of Tchoupitoulas Street and Poydras he was struck violently by a Diamond T 1 1/2 ton truck".
In support of his petition counsel cites Burthe v. Lee, La. App., 152 So. 100 and Sewell v. Newton, La. App., 152 So. 389. In Gibbons v. New Orleans Terminal Co., 1 La. App. 371, cited in Burthe v. Lee, supra, the Court said: — "The presumption of law, juris et de jure, is that a plaintiff saw a thing that he should have seen had he looked, and that he failed to look at the proper time and in the proper manner if he did not see the things he should have seen by looking." (Syllabus by the Court)
[1] However, the situation here, as developed by plaintiff's petition does not bring the case within the authorities relied on as it is not alleged that the truck was within sight at the time the plaintiff looked. The fact that there was a collision is doubtless relied upon as supplying this omission. This will not suffice for, of course, the speed of the approaching vehicle might have been such that even though it had been seen, its distance from the intersection would have been great enough to justify the belief that the intersection might be safely crossed before the vehicle, if driven at a proper speed, could reach there. The rule referred to is designed to prevent a careless driver from excusing his failure to take proper precautions at an intersection by looking in the direction from which traffic approaches and not seeing what he should have seen. In other words, it will not do for the driver to say that he did not see the other vehicles if he could have done so and thus determine his course of action in accordance with the apparent hazard.
[2] Defendant has not filed a formal plea of contributory negligence, but relies upon the exception of no cause of action to make out a case in that respect. For the reasons stated the exception will not serve in place of the plea, therefore, the question of plaintiff's contributory negligence is not before us. Althans v. Toye Bros. Yellow Cab Co., La. App., 191 So. 717. The case must be determined upon the negligence vel non of Edinburgh, the operator of the truck. He admitted that he saw plaintiff's car as he approached the intersection of Poydras and Tchoupitoulas Streets, but that he thought the driver would stop. It is apparent from the evidence that Joseph P. Golden, Jr., the driver of plaintiff's automobile, had preempted the intersection. He was more than half way across Poydras Street when he saw defendant's truck bearing down upon him. He swerved to the left or in the direction in which the defendant's truck was moving in an effort to avoid the accident.
[3-4] Defendant would appear to have been traveling very fast according to young Golden, his father and Walter Liberto, another passenger in the automobile. They estimate his speed at between thirty-five and forty miles per hour. The defendant denies that he was speeding, but it is undisputed that the rear wheels of the defendant's truck passed over the front portion of plaintiff's automobile. Defendant explains this action by saying that plaintiff's automobile ran into the truck and jammed into its side midway between the front and back wheels. It seems more likely, however, that the plaintiff's version to the effect that the truck rolled over the automobile is correct. The mechanic, Frank Klemm, who repaired the car for plaintiff, testified quite positively that the nature of the damage to plaintiff's car clearly indicated that he did not crash into the side *Page 101 
of defendant's truck, but that the truck had sideswiped the automobile. Moreover, as we have said, the defendant saw the plaintiff's automobile as it approached the intersection and it was his duty to have kept it under observation and to have moderated his speed so as to prevent the collision. This was apparently the view of the trial court and we see no reason to disturb it.
There is no dispute as to the quantum of damages, consequently, and
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.