This is a suit for damages on account of personal injuries received in an automobile collision which plaintiff alleged to have been due to the gross negligence of the driver of defendant's truck. After trial there was judgment in favor of the defendant rejecting plaintiff's demands, from which plaintiff has appealed.
Despite the conflict of testimony with respect to some details in connection with the accident, the important facts appear to be well defined in the record. A little before noon on August 21, 1946, plaintiff was driving his automobile East on a gravel road known as State Highway 685, commonly called the Chickenville Road, in Tensas Parish, at a speed of some 40 miles per hour when he saw a dense smoke billowing across the highway. The smoke was caused by the burning of some old hay on land adjacent to the highway on the north side thereof and was being carried by the wind in a southerly direction, directly across the road. Plaintiff slackened his speed as he more closely approached the cloud of smoke and, after entering into the dense smoke, discovering that there was absolutely no visibility, he still further reduced his speed to about 8 or 10 miles per hour. Almost immediately plaintiff's automobile was struck head on, by defendant's truck driven by an employee, with such violence that plaintiff was rendered unconscious and suffered severe, serious and painful injuries.
By reason of the conflict in the testimony we are unable to reach a definite conclusion as to the exact position of the vehicles involved in the collision with respect to the center of the road, but an analysis of the testimony indicates that in all probability both vehicles at the time were traveling on or very near the center of the road in a trail of the nature that is customarily found at such a location on most gravel roads. However, the question of the exact location of the vehicles is relatively unimportant inasmuch as the record conclusively establishes the fact that the drivers of both vehicles were moving along the road in opposite directions, enveloped in a dense screen of smoke through which neither had any degree of visibility whatsoever. Under such circumstances there can be no question as to the fact that both drivers were guilty of negligence. The jurisprudence of this State is now well established to the effect that *Page 426 
under similar or comparable circumstances the action of the driver of a vehicle in continuing the movement of his vehicle when vision is obscured or reduced to the danger point constitutes negligence. Outman v. Imperial Oil Gas Products Co., La. App., 144 So. 749. The authorities supporting this principle are so numerous that we do not find it necessary to list them at any great length. The cases of Castille v. Richard, 157 La. 274, 102 So. 398, 37 A.L.R. 586, and Dominick v. Haynes Bros. et al., 13 La. App. 434, 127 So. 31, 32, are cited in the opinion in the Outman case. The facts in the last noted case were remarkably similar to the one now before us. The facts show that
"* * * at the location of the collision the highway was obscured by heavy smoke from burning grass on the roadside."
"The driver of defendant's car testified that he could not see, was blinded by the smoke, and the driver of plaintiff's car testified that he could not see defendants' car, although its lights were burning, until it was ready to collide with his car."
In the course of the same opinion the court quoted Blashfield's Encyclopedia of Automobile Law, Volume 1, page 370, to the following effect: "It is the duty of the driver of an automobile to stop his car when his vision is entirely obscured by a temporary obstruction, such as a cloud of dust or smoke screen. When failure to do so would jeopardize the safety of others, then he must remain at a standstill until the obstruction has come to an end."
We are aware of the fact that plaintiff testified that his automobile had hardly entered into the smoke at the time of the collision. This testimony is refuted to a degree by the testimony of other witnesses whose estimates placed plaintiff's vehicle well within the smoke up to a distance of 50 to 75 yards in one instance. However this may be, we think the exact distance is immaterial since it is our firm opinion that plaintiff was negligent in entering into the smoke regardless of how far he had proceeded therein.
In the attempt to combat the possibility of the finding of contributory negligence on the part of plaintiff his counsel relies upon the applicability of two legal principles, namely, the doctrine of last clear chance and the doctrine of comparative negligence.
With respect to the latter doctrine, we note that while it is urged in plaintiff's petition it is not argued in brief of plaintiff's learned counsel. We therefore assume that this theory has been abandoned, and we think properly so in view of the fact that the doctrine is not recognized in our State.
There is left for our consideration the question of the applicability, vel non, of the doctrine of last clear chance. Under the circumstances of this case we are at a loss to determine upon what factual basis the application of the doctrine can be predicated. It is undisputed that the driver of the defendant's truck did not see plaintiff's vehicle until the very moment of the impact. Admittedly, by the testimony of plaintiff himself, the smoke was so thick that there was no visibility. The driver of defendant's truck testified that he had his head outside of the cab in the effort to see enough to work his way along the road, despite which fact he did not see plaintiff's car until it loomed up in front of him through the dense haze of smoke at the very instant of the collision.
Plaintiff's zealous counsel has cited the familiar cases of Jackson v. Cook, 189 La. 860, 181 So. 195 (emphasizing that part of the opinion referring to Rottman v. Beverly,183 La. 947, 165 So. 153); and Langley v. Viguerie et al., La. App., 189 So. 606. The holdings of our courts in the cases cited have no bearing upon the issues of the instant case. The effect of the Jackson, Rottman and Langley cases has been to conclusively define the principle that contributory negligence, even though it continues up to the moment of the accident, does not bar recovery if the other party saw, or could have seen, or should have seen, the danger in time to avoid the occurrence of the accident. Under the facts of the case before us neither *Page 427 
party saw, nor indeed could either have seen, the danger since discovery of the danger was instantaneous with the happening of the collision.
Similarly, the facts in the case of Thiaville v. Toups et al., La. App., 25 So.2d 361, which is also cited on behalf of plaintiff, are easily distinguishable from the facts in the instant case, and, as a consequence, the judgment of the court therein cannot serve as precedent.
In a written opinion the Judge of the trial court concluded under the facts of this case that both parties were equally guilty of negligence under the circumstances. With this finding we are thoroughly in accord, and, for the reasons set forth, the judgment appealed from is affirmed at appellant's cost.