47 So.2d 404 (1950)
EMPLOYERS' FIRE INS. CO.
v.
RODGERS.
No. 7528.
Court of Appeal of Louisiana, Second Circuit.
June 29, 1950.
Rehearing Denied July 19, 1950.
Wallace & Stinson, Benton, for appellant.
Cook, Clark & Egan, Shreveport, for appellee.
HARDY, Judge.
This is a suit for the recovery of the sum of $266.05 resulting from damages to an automobile owned by H. M. Jolly. Plaintiff is the collision insurer and subrogee of the said Jolly. Defendant answered plaintiff's petition, setting up his freedom from negligence, alleging the negligence of the driver of the Jolly car to have been the sole and proximate cause of the accident, and reconvened for damages to his truck. Plaintiff filed an exception of no right nor cause of action and a plea of prescription with respect to defendant's reconventional demand, which exception and plea were both properly sustained by the District Judge. Counsel for defendant has not urged either of these pleadings before this Court in argument nor brief, and, accordingly, we must assume that the reconventional claim has been abandoned. After trial on the merits there was judgment in favor of plaintiff as prayed, from which defendant has appealed.
The accident occurred about the hour of 2:30 P.M. on October 19, 1945, at which time Mrs. Jolly, wife of plaintiff's assured, was driving a Chevrolet sedan on paved *405 highway No. 10 south from the town of Benton toward the city of Shreveport. At a point about eight miles north of Shreveport employees of the Cotton Belt Railroad were engaged in burning dead grass along the railroad right-of-way paralleling the west side of the highway, as a reult of which the highway became enveloped in dense smoke for a distance of some three to four hundred yards. Mrs. Jolly drove her automobile into the smoke, discovered that her vision was almost completely obscured, turned on her headlights and was bringing her car to a stop when the vehicle was struck on the left front portion thereof by defendant's truck, which he was driving north. The truck caromed off the Jolly car, passed the car and went into the ditch, out of control, on the west side of the highway. Repairs to the Chevrolet automobile amounted to some $582.09, and in view of the $50.00 deductible clause in the insurance policy the sum was reduced to $532.09, half of which was collected by plaintiff from the railroad company, and this suit was instituted in the attempt to collect the balance. Answer was filed on March 19, 1949, in which, as above noted, defendant alleged that the accident was due solely to the negligence of Mrs. Jolly.
Testimony with respect to the exact location of the cars at the time of the impact is conflicting, but the District Judge found that the record failed to support defendant's claim that Mrs. Jolly was driving in the east or left-hand lane of the highway at the time of the collision. We think the preponderance of the testimony bears out this conclusion. It appears that immediately following the accident the Jolly car was wholly on the right-hand lane of the highway. It is contended on behalf of defendant that this position was the result of the car being knocked back from the east lane wholly onto the west lane by the force of the impact of the truck. We do not think this assumption is tenable, in view of the fact that the points of impact were the left frontal portions of the vehicles involved, which fact would indicate that the impact would have thrown the front of the Jolly car toward the east rather than back toward the West.
As observed by our learned brother of the District Court the record unquestionably justifies the conclusion that both parties were guilty of negligence when they drove into the section of the highway where their vision was obscured by dense volumes of smoke. The facts in this case are remarkably similar to those involved in McLelland v. Harper, La.App., 38 So.2d 425, in which this Court found that drivers of vehicles proceeding in opposite directions in a dense screen of smoke were both guilty of negligence.
Having concluded that both parties were negligent, the District Judge in his able written opinion called attention to the point that the defendant in this instance was not in a position to avail himself of the negligence of Mrs. Jolly in view of the fact that he failed to plead contributory negligence and elected to stand on the conclusion that the negligence of Mrs. Jolly was the sole and proximate cause of the accident. With the observation of the District Judge on this point we are in complete accord, for the principle is now firmly imbedded in our jurisprudence and has been particularly enunciated in the following recent cases, Nezat v. General Outdoor Advertising Co., La.App., 24 So.2d 482, 484; Golden v. Creole Delicacies, Inc., La.App., 28 So.2d 99; Tornabene v. Rau, La.App., 34 So.2d 655.
Counsel for defendant in this Court continues to rely upon the contention that the accident resulted entirely from the negligence of Mrs. Jolly. This matter was resolved against defendant's position by the trial Judge. We find no manifest error, and, accordingly, the judgment is affirmed at appellant's cost.