HARDY, Judge.
This is a suit in which plaintiff claims damages for personal injuries as the result of a collision between an automobile driven by plaintiff and a truck owned by defendant and operated by his -employee. There was judgment in favor of defendant rejecting plaintiff’s demands, from which plaintiff has appealed.
The facts established by the record show that on February 21, 1950, at or shortly before the hour of 8:00 o’clock A.M. plaintiff was driving his mother’s Hudson sedan east on U. S. Highway 80 in Bossier Parish, Louisiana, at a speed of approximately 50 miles per hour, following another vehicle. Plaintiff noticed that the highway was blanketed with a thick screen of smoke, notwithstanding which he continued on his course, though at a decreased speed, and after turning on his lights proceeded into the smoke where visibility was effectively obscured. The preceding vehicle was brought to a stop within the smoke, whereupon plaintiff also brought his automobile to- a halt. There is some conflict of testimony on this point, plaintiff testifying that he succeeded in stopping his car *859 immediately behind the preceding vehicle ■while one of plaintiff’s witnesses, who was the only other occupant in plaintiff’s car and who was riding on the front seat, .testified that the vehicle actually came in contact with the automobile ahead. In any event, within a matter of brief seconds plaintiff’s car was struck from behind by •defendant’s truck, inflicting the damages for which restitution is sought.
As noted by the Judge of the District ■Court in his written opinion, there is a wide variance between the allegations of plaintiff’s pleadings and his own testimony •on trial. However, we do not deem it necessary to indulge in detailed discussion ■of all the testimony comprehended in the record. The controlling facts which are established are that plaintiff perceived the smoke screen blanketing the highway at a considerable distance, notwithstanding which he deliberately proceeded into the smoke and only brought his car to a stop after entering the smoke screen and because of the fact that his progress was obstructed by the stopping of the car which he was following at the time.
There is no dispute as to the applicability of the cases cited on behalf of plaintiff dealing with the negligence of drivers who are guilty of running into the rear of vehicles proceeding in front of their cars. On the authority of this general proposition there is no question as to the negligence of the driver of defendant’s truck. But the record amply convicts plaintiff of contributory negligence in proceeding into a section of highway where vision was obstructed by a dense volume of smoke. Almost identical conditions have been considered in McLelland v. Harper, La.App., 38 So.2d 425, and Employers’ Fire Insurance Co. v. Rodgers, La.App., 47 So.2d 404.
Plaintiff’s contributory negligence under the circumstances, having been properly pleaded by defendant and conclusively established, effectively bar his recovery.
For the reasons assigned the judgment from which appealed is affirmed at appellant’s cost.
McINNIS, Judge ad hoc, recused.