ELLIS, Judge.
The instant litigation arises out of a September 7, 1963, collision which occurred in Washington Parish. Involved were an automobile owned by Murtón H. Seal, Sr., and driven by his fifteen year old daughter, Sandra Ann Seal; and a D. W. 10 dirt mover owned by W. R. Core, driven by Roy A. Smith and insured by The Travelers Insurance Company.
Murtón H. Seal, Sr., filed this suit to recover medical expense and property damage for himself and on behalf of his minor daughter to recover damages for bodily injury.
The accident occurred on a dry and extremely dusty day at a point where Mitch Road crosses the construction site of a new highway. Mitch Road runs generally North and South and the new highway, when it is opened to traffic, will run generally East and West.
The undisputed facts in the case disclose that Sandra and a friend named Lynda Mallett had heard of the road construction and had gone to view it. As they ap-' proached the construction right-of-way a piece of earth-moving equipment crossed Mitch Road raising a cloud of dust. This equipment, however, passed on and was not involved in the accident. Sandra drove safely to the far side of the right-of-way and about 100 feet beyond. There she turned around and again approached the new highway. A second earth mover crossed Mitch Road just before she reached the new highway, creating a thick cloud of dust which cut off visibility beyond that point.
Sandra testified that she stopped for about a minute to wait for this second cloud to Seattle sufficiently for her to see the other side of the new highway and the continuation of Mitch Road. Then she started across, but when about three-fourths of the way across, she perceived a third earth-moving machine in her path.
This third machine had been following the second at a distance of three to four hundred yards and was traveling a path slightly to the left of the second machine, thus hidden from Sandra’s view by the dust cloud.
The machines were approximately twenty feet in length and Mitch Road is about twenty feet wide at this point. The evidence indicates that the Seal vehicle struck the machine on the side near the back. Thus, the center of the side of the machine at the time of the impact was over half-way across Mitch Road and the rear of the machine had cleared the edge of the road.
*678 Mr. Smtih testified that he was driving the machine at a speed of approximately 15 miles per hour, having slowed down for the intersection. This slowing down was necessitated by the roughness of the road, however, and not because of concern for any traffic which might be traveling along Mitch Road. Smith declared that he could see across Mitch Road, that is, forward, but that he could not see to his right, in the direction of the Seal automobile. He further testified that when he got nearly across Mitch Road he looked back and to his right and saw the car just before the collision occurred.
The trial judge rendered judgment in favor of the plaintiff, Murtón H. Seal, Sr.
It is unnecessary to consider whether or not the defendant driver was negligent in this case for the reason that we are of the opinion that the contributory negligence of Sandra Seal bars any recovery in this case.
It is well established in Louisiana that a driver of a vehicle is guilty of negligence or contributory negligence as the case may be when he drives into a dust cloud which greatly impairs his visibility. Castille v. Richard, 157 La. 274, 102 So. 398, 37 A.L.R. 586; McLelland v. Harper, La.App., 38 So.2d 425; Employers’ Fire Insurance Co. v. Rodgers, La.App., 47 So.2d 404; Rosenbloom v. Mercer, La.App., 8 So.2d 328.
Plaintiff relies on the case of Felder v. Eagle Star Insurance Co., La.App., 79 So.2d 90. In that case it appears that the plaintiff was allowed to recover for the reason that she had not yet entered the dust cloud and was braking her auto so as not to enter it, when struck by an automobile emerging from that cloud on the wrong side of the road. The court found in that case that the plaintiff had acted with caution, prudence and good judgment and that she was not required to expect an automobile to be approaching her on the wrong side of the road.
In the instant case, Sandra Seal, even though there were no warning signs posted, had actual knowledge of the construction activities, having gone there to view them. She also had actual knowledge of the earth-moving machines operating along the new highway and of the dust they raised.
The testimony of Smith is that he could not see to his right because of the dust cloud. The testimony of Sandra Seal is that the dust cloud had subsided sufficiently for her to see through it. Assuming the testimony of Mr. Smith to be accurate, Sandra Seal must be held to be contributorily negligent under the above-cited cases for entering a dust cloud at a time when visibility was greatly impaired.
Assuming, on the other hand, that the testimony of Sandra Seal is accurate and that she could in fact see through the dust cloud before she entered it, she must be held contributorily negligent in failing to see what she should have seen, namely, a piece of earth-moving equipment twenty feet long traveling at a speed of approximately 15 miles per hour directly across her path.
It is therefore decreed that there be judgment herein rejecting plaintiff’s demand at his cost.
Reversed.