GLADNEY, Judge.
The plaintiffs, Tommie E. Walden and his insurer, Southern Insurance Company, seek recovery of damages which resulted from a vehicular collision on Louisiana State Highway No. 7 in Cullen, Louisiana, on January 19, 1963. At the time of the trial the named defendants were Falco, Inc. and its liability insurer, Employers’ Liability Assurance Corporation, Ltd. and Jesse H. McCoy. The defendants by third party petition joined the International Paper Company and its liability insurer, Continental Casualty Company. Following a trial on the merits judgment was rendered rejecting the demands of plaintiffs, who have appealed.
On the appeal it is averred that the decision of the lower court was in error: in finding contributory negligence on the part of plaintiffs; and in not finding that the defendant-driver, Jesse H. McCoy, had the last clear chance to avoid the accident.
*351 The important facts are not controverted. Walden, who was employed at the International Paper Company mill at Cullen, was leaving his job about 4:20 P.M. on the date aforesaid. At that time and prior thereto, due to unusual atmospheric conditions, smoke emitting from the paper mill smokestack, had blown downward and across the section of Highway 7 adjacent to the mill. It was mixed with a heavy fog and the evidence is conclusive that the low-lying, dense smoke had reduced the visibility of motorists to a distance of a few feet. Walden, driving a pick-up truck, entered the highway and had traveled southward a distance of several hundred feet through the screen of smoke and fog when the rear of his vehicle was struck by a large truck and tank trailer owned by Falco, Inc. and driven by Jesse H. McCoy. At the time of the collision the speed of each vehicle, according to the testimony of its driver, was approximately 5 miles per hour. McCoy stated that at the time of the impact he was looking out of the window and guiding his truck by observing the white line as it was impossible to see any object ahead of the truck. Joe Waxley, the town marshal, was a few feet away attempting to regulate traffic and nearby was Robert Lee Elton, assisting him. Wax-ley was using a red light and Elton a red flare for the purpose of attracting the attention of motorists. These lights and individuals were not observed by Walden or McCoy prior to the impact.
The trial court held that under the circumstances Walden was guilty of contributory negligence in that he drove into the dense smoke and fog with such restricted visibility. However, it is argued that the sole proximate cause of the accident was the excessive speed of McCoy under the circumstances, which Walden testified was greater than 5 miles per hour and was excessive. This assertion was contradicted by McCoy who testified he was driving 5 miles per hour. It is also contended McCoy should have been looking forward and not at the white center line and had he done this McCoy would have observed plaintiff’s vehicle. This assumption is unsubstantiated.
There can be little doubt that plaintiff’s attempt to negotiate the dense area of smoke and fog under the circumstances was a proximate cause of the accident. A driver of a vehicle is guilty of negligence or contributory negligence, as the case may be, when he drives into a screen of dust, smoke or fog which greatly impairs his visibility. Castille v. Richard, 157 La. 274, 102 So. 398, 37 A.L.R. 586; McLelland v. Harper, La.App., 38 So.2d 425; Employers Fire Insurance Company v. Rodgers, La.App., 47 So.2d 404; Rosenbloom v. Mercer, La.App., 8 So.2d 328. Seal v. Core, La.App., 175 So.2d 676 (1st Cir. 1965).
In McLelland v. Harper, La.App., 38 So.2d 425 (2nd Cir. 1948) the court declared:
“ * * * the record conclusively establishes the fact that the drivers of both vehicles were moving along the road in-opposite directions, enveloped in a dense screen of smoke through which neither had any degree of visibility whatsoever. Under such circumstances there can be no question as to the fact that both drivers were guilty of negligence. The-jurisprudence of this State is now well established to the effect that under similar or comparable circumstances the action of the driver of a vehicle in continuing the movement of his vehicle-when vision is obscured or reduced to-the danger point constitutes negligence.”' [38 So.2d 425]
The doctrine of last clear chance-as asserted by appellants is not applicable under the established facts in this case.
The appellants herein have not specified any error with reference to the judgment rejecting their demands against the International Paper Company and its-insurer, nor have the original defendants appealed nor answered the appeal with respect to their third party demands. The *352 case, therefore, must be considered abandoned as against these defendants.
For the foregoing reasons the judgment appealed from is affirmed at appellants’ cost.