LANDRY, Judge.
Plaintiff herein appeals from the judgment of the trial court rejecting and dismissing his suit for damagés for personal injuries sustained in an accident which occurred at approximately 3 :00 A.M., March 11, 1965, in the Town of Gonzales, Louisiana. The accident happened when a 1964 Chevrolet, owned and being operated by appellant, collided with the rear of a street sweeping machine owned by defendant, Town of Gonzales (Town), operated by its employee, Melvin Paul Arceneaux, and insured by respondent, The Insurance Company of North America. We find that the trial court properly concluded the sole proximate cause of the accident and resulting injuries to plaintiff was plaintiff’s own negligence in operating his vehicle without keeping a proper lookout.
Plaintiff’s petition charges in effect that defendant Arceneaux, acting within the scope and during the course of his employment by the Town, was negligent in operating the sweeper without lights and alternatively, without adequate lights. Plaintiff further alleged Arceneaux was guilty of negligence in operating • the machine in *201 such manner as to stir a large cloud of dust obscuring the machine from the sight of motorists proceeding along the city streets. Defendant International Harvester, allegedly the manufacturer of the sweeper, was charged with negligence in the machine’s design. Near the end of the trial, counsel for plaintiff conceded the evidence made no case against International Harvester, whereupon an exception of no cause of action filed by said defendant was sustained by the trial court. This present appeal is from the judgment dismissing plaintiff’s demands against the Town, its aforesaid employee and insurer only.
Defendants answered plaintiff’s complaint alleging Arceneaux to be free of any negligence whatsoever and maintaining the accident occurred solely because of plaintiff’s negligence in failing to maintain a proper lookout, failing to have his vehicle under proper control and traveling at an excessive speed.
In essence plaintiff testified the accident occurred at approximately 2:00 A.M. while he was en route home after having attended some personal affairs in the City of Baton Rouge. The evidence, however, preponderates in favor of the conclusion the accident happened at or shortly after 3:00 A.M. and we so find. Plaintiff further testified he was proceeding along the city street at approximately 25 miles per hour with his lights on dim because he had encountered fog patches since leaving Baton Rouge. He also stated that immediately before the impact he noted a patch of fog about six feet ahead and proceeded into it without slackening or reducing his speed. He traveled about six additional feet through the fog, noted a clearing of some three feet and then saw a dust cloud approximately six feet away in which he observed the outline of the sweeper. Plaintiff attempted to swerve to his left to avoid the collision but the right front of his vehicle struck the left rear of the machine.
The sweeper is shown to be a large, ponderous device. Its construction resembles a truck. Part of its equipment consists of a large sprinkler located at the front. At the back is situated a large circular rotating brush which contacts the street and turns in a counter-clockwise direction to sweep dirt and debris from the street into a huge hopper situated beneath the rear of the machine. The sprinkler, whose dual purpose is to reduce the incidence of dust and facilitate the sweeping action of the brush, was in operation at the time of the accident. The front of the machine was equipped with headlights and two red tail lights were located at the rear, one on each side, measuring four inches in diameter and situated approximately four and one-half feet above the ground.
Defendant Arceneaux testified he was operating the machine at the time of the accident. He had commenced work at his usual hour of 3:00 A.M. and had proceeded to sweep approximately four or five blocks after having first filled the water tank which supplied the sprinkler system. He was positive all lights on the machine were in operation. According to Arceneaux, the sweeper was moving at a speed of approximately four miles per hour when it was struck from the rear without warning. He further stated the area was well lighted by street vapor lights installed at intervals of approximately 100 feet. Arceneaux was positive there was no fog. He was also certain the machine was not producing an abnormal amount of dust and that the night was clear and visibility good.
Donald Wheat, city policeman, Town of Gonzales, was at the Sheriff’s office approximately one block from the scene of the accident when the impact occurred. He went immediately to the scene to investigate. Officer Wheat testified he found no evidence of plaintiff’s application of brakes. He corroborated Arceneaux’s testimony to the effect there was absolutely no fog at *202 the time, that the night was clear and the area well lighted by street lights as well as lights from a nearby bank.
On appeal, plaintiff’s chief complaint is that the trial court erred in finding him guilty of negligence in failing to maintain a proper lookout. In effect appellant argues that he could not under the circumstances be reasonably expected to anticipate or observe the obstruction created by the sweeper in time to avoid colliding therewith. In support of his contention appellant maintains he should recover under the doctrine announced in Rogers v. T. L. James & Company, La.App., 128 So.2d 829.
We have examined the Rogers case, supra, and find it bears no factual analogy to the case at bar. In the Rogers case, supra, plaintiff sued for injuries resulting from an accident which occurred when a vehicle ran into a small cable stretched across the entire width of a public highway.
Upon examination of the record, we find as did the trial court that defendant Ar-ceneaux was free of any negligence whatsoever. The sweeper was adequately lighted both front and rear. The accident did not occur because of the absence or inadequacy of lights on the machine with which plaintiff collided. Neither does the record sustain plaintiff’s contention the dust raised by the sweeper’s operation was so thick as to obscure the machine from the sight of overtaking motorists.
We also find as did our brother below that the accident occurred solely because of plaintiff’s negligence in failing to maintain a proper lookout ahead. Plaintiff’s version of the attending circumstances is most conflicting and unimpressive. He insists he did not see the patch of fog beyond which the sweeper was operating until he was six feet therefrom. Had plaintiff been keeping a vigilant watch ahead, as the law demands, there appears no reason why he could not have timely observed the fog he claims was present. If, as plaintiff testified, he was proceeding at a speed of 25 miles per hour, no valid reason is shown why he could not have stopped or materially reduced his speed before proceeding blindly into fog so dense he could not see what lay beyond. To enter an obstruction of such magnitude constitutes negligence.
It is settled law that a motorist is guilty of negligence (or contributory negligence, as the case may be), if he drives headlong into a dust cloud or fog which materially impairs his vision. See Seal v. Core, La.App., 175 So.2d 676. See also Standard Casualty Company v. Fidelity & Casualty Company of New York, La.App., 162 So.2d 26.
Accordingly, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.