SARTAIN, Judge.
Plaintiff was injured when he drove his vehicle into a screen of smoke and collided' with a fire truck owned by the Town of Gonzales that was parked partially on the highway and the shoulder.
The trial judge found as a matter of fact that the accident happened on a relatively straight stretch of road and though there was some testimony concerning dips in the road, there could be no doubt that the smoke crossing the highway was clearly visible to plaintiff. He held that the presence of the smoke did not create, a sudden emergency and that plaintiff was negligent in entering the smoke screen in the manner in which he did. From this judgment plaintiff has appealed. The only defendant remaining in the case is the Insurance Company of North America, the public liability insurer of the Town of Gonzales.
The accident giving rise to this litigation occurred at about 3:15 P.M. o’clock on Bullion Road (La. Highway 427) in Ascension Parish approximately three-fourths of a mile south of the boundary line between Ascension and East Baton Rouge Parishes.
Bullion Road (an extension of Perkins Road) is an asphalt highway, measuring twenty-two feet in width, and runs in a generally north-south direction. The highway is bordered by a four to five foot shoulder.
Shortly before the accident a grass fire had occurred in a field located on the east side of the highway. The wind was blowing from east to west, causing the smoke to drift accordingly.
Plaintiff testified that he was on his way to St. Amant, a small town south of Gonzales, and was proceeding in a southerly direction on Bullion Road at approximately sixty miles per hour. When he first noticed the smoke ahead of him he started “tapping” his brakes to slow his vehicle. He had reduced his speed to fifty or forty-five miles per hour when he entered the smoke screen. He stated that “almost immediately” as he entered the smoke, he observed defendant’s fire truck. He promptly locked his brakes but could not avoid the collision. The right front of his vehicle came into contact with the left rear of the fire truck.
Sergeant Frank E. Miller of the Louisiana State Police was called to investigate the accident. Sergeant Miller stated that as he approached the scene of the accident from the south (Gonzales) he was able to observe the smoke caused by the grass fire from an adjoining highway. His investigation revealed that skid marks left by the Box vehicle measured 105 feet prior to the point of impact.
Trooper Bush’s testimony is essentially the same as that of Sergeant Miller.
Cleo Scott was operating a tractor in the field where the fire was situated. He was endeavoring to create breaks in the grass to contain the fire itself. Scott testified that he saw the fire truck approach from the south, proceed past the smoke, turn around, and then return and park on the *129 southern edge of the smoke screen. Scott estimated that the smoke screen itself was approximately 200 feet in width as it traveled across the highway. The heavier portion was to the north and the lighter, more intermittent, smoke banks were to the south and nearer the truck. He stated that the truck was parked on the west shoulder of the road and had been there for some forty-five minutes when he observed the approach of the Box vehicle from the north. He said the Box vehicle had to pull in behind the fire truck to keep from hitting another car that was proceeding towards him from the south.
Defendant’s principle witnesses were Malcolm Edmonston and Danny C. Kelly, volunteer firemen for the Town of Gonzales. Edmonston, who was the driver of the truck, stated that he was on relief duty on the day of the accident when a call was received to come to the scene of the fire. It was the practice of the volunteer fire department to answer such calls for the purpose of being available in the event the fire posed a threat to homes or buildings. It was not the policy of the volunteer fire department to attempt to fight grass fires. Edmonston stated that he was accompanied by Kelly. They proceeded to the fire by traveling north from Gonzales on the Airline Highway, turning left onto Bullion Road, thus approaching the fire from the south. They traveled through and beyond the smoke to a private driveway which they used to turn around. They then drove back south to a position approximately 200 feet south of the smoke itself and parked the truck as far off the pavement as possible. Both of these witnesses considered this to be the best vantage point. The facts clearly show that because of the narrowness of the shoulder of the road the truck itself was parked as far to the right as possible. This left approximately half of the truck on the highway and half on the shoulder.
Shortly after they arrived, Edmonston and Kelly were joined by Elton Corley, another volunteer fireman. The three of them were seated in the cab of the truck when the accident occurred.
Edmonston stated his attention was first attracted when he heard the screeching of tires. He immediately looked in the rear view mirror and observed the approach of the Box vehicle. At the time it was fifty or sixty feet from the truck. He stated that the truck was not in gear when struck by the Box vehicle and that the impact of the collision knocked the truck forward some fifteen feet.
Kelly testified that the first recollection he had of the accident was when the Box vehicle actually struck the fire truck.
Both Edmonston and Kelly stated that each time they drove through the smoke they did so at a slow rate of speed and that the smoke was not a visual obstacle. Each estimated that they had been parked between ten to fifteen minutes when the accident occurred. The fire truck was equipped with front and rear parking lights and also a large flashing red light located on the cab. Edmonston and Kelly were emphatic that these lights were activated the entire time the truck was parked on the west shoulder of the highway.
These facts clearly support the decision of the trial judge when he concluded that Box was negligent in entering the screen of smoke at the speed he did. While there is some difference of opinion among the witnesses as to how far Box had to travel in the smoke before he actually collided with the fire truck, there can be no doubt from this record that the smoke itself was clearly discernible to Mr. Box from a sufficient distance that would have permitted him to have reduced his speed sufficiently to have been able to completely stop his vehicle before it struck the truck. As a matter of fact the record supports the conclusion that the truck was not parked in the smoke itself but was parked some 200 feet beyond the smoke.
The trial judge relied primarily on the case of Walden v. Employers Liability As *130 surance Corp., 197 So.2d 350 (2d La.App., 1967). In the Walden case there existed a mixture of heavy fog and low-lying dense smoke that had reduced visibility to a distance of a few feet. The court stated:
“There can be little doubt that plaintiff’s attempt to negotiate the dense area of smoke and fog under the circumstances was a proximate cause of the accident. A driver of a vehicle is guilty of negligence or contributory negligence, as the case may be, when he drives into a screen of dust, smoke or fog which greatly impairs his visibility. Castille v. Richard, 157 La. 274, 102 So. 398, 37 A.L.R. 586; McLelland v. Harper, La.App., 38 So.2d 425; Employers’ Fire Insurance Company v. Rodgers, La.App., 47 So.2d 404; Rosenbloom v. Mercer, La.App., 8 So.2d 328. Seal v. Core, La.App., 175 So.2d 676 (1st Cir. 1965).”
Probably more in point is the case of Gardsbane v. Horton, 56 So.2d 859 (2d La.App., 1952). In denying plaintiff recovery, the court stated:
“* * * The controlling facts which are established are that plaintiff perceived the smoke screen blanketing the highway at a considerable distance, notwithstanding which he deliberately proceeded into the smoke and only brought his car to a stop after entering the smoke screen and because of the fact that his progress was obstructed by the stopping of the car which he was following at the time.”
Counsel for plaintiff urges that Mr. Box was confronted with a sudden emergency occasioned by the presence of the smoke drifting across the highway and that he acted in a reasonable and prudent manner under the circumstances and cites as authority Snodgrass v. Centanni, 229 La. 915, 87 So.2d 127 (1956); Griffie v. Nichols, 188 So.2d 642 (2d La.App., 1966); and Harris v. Walton, 134 So.2d 579 (2d La.App., 1961). These cited authorities properly relate to the standard of conduct expected of a motorist who is confronted with a sudden emergency. However, they are not dispositive of the issue presented in the instant matter because the trial judge found, and we agree, that Mr. Box was not confronted with a sudden emergency. By his own admission he observed the smoke in sufficient time to further reduce the speed of his vehicle if necessary. This he did not do on the assumption that the smoke itself was not thick enough to bar his vision. In this assumption he was clearly wrong because immediately upon entering the smoke he observed the fire truck. His negligence was entering the smoke screen at a speed of fifty to forty-five miles per hour.
We have also considered the case of Felder v. Eagle Star Insurance Co., 79 So.2d 90 (1st La.App., 1955). There the trial judge found, and this court affirmed, that the plaintiff was not guilty of contributory negligence “that upon rounding the curve and seeing the dust cloud, she had pulled to her side of the road and reduced her speed and upon perceiving the dust’s density ahead, had applied her brakes for a full stop; * * *” and had nearly or completely stopped her vehicle when an oncoming car “broke from the dust to strike her car head on”. Under these particular facts the trial judge concluded that the plaintiff had acted with reasonable caution, prudence and good judgment. The Felder case in our opinion is clearly distinguishable from the case at bar because Mrs. Felder is the one who had brought her vehicle under control and had nearly or almost completely stopped when she was struck by an oncoming car on her side of the road.
Accordingly, for the above and foregoing reasons the judgment of the district court is affirmed and appellant is cast for costs.
Affirmed.