325 So.2d 887 (1976)
Lynette Foster O'NEAL, Plaintiff-Appellant-Appellee,
v.
SOUTHERN FARM BUREAU INSURANCE CO., et al., Audubon Indemnity Company, Defendant-Appellant-Appellee, all other Defendants are Appellees.
No. 10516.
Court of Appeal of Louisiana, First Circuit.
January 12, 1976.
*888 Robert J. Mack, Hammond, for appellant.
Robert J. Vandaworker, Baton Rouge, for Southern Farm Bureau Cas. Ins. Co.
Tom H. Matheny, Hammond, for Audubon Indem. Co.
Edward L. Levert, Jr., and Robert J. Young, New Orleans, for Ins. Co. of North America.
Gordon W. Matheny, Hammond, for Larry Moskau.
Before SARTAIN, BAILES and PICKETT, JJ.
SARTAIN, Judge.
The accident giving rise to this action occurred on December 11, 1971, at approximately 2:30 o'clock A. M. on the Old Hammond Highway at its intersection with the Pumpkin Center Road, in Tangipahoa Parish, Louisiana. Plaintiff, Mrs. Lynette Foster O'Neal, had been driving in a southwesterly direction on the Old Hammond Highway when, after giving a signal of her intention to make a left turn onto the Pumpkin Center Road, she was struck from the rear by a white Mustang, being operated by Larry Moskau. The Mustang vehicle was registered in the name of Robert Eaker, Moskau's father-in-law.
Plaintiff initially instituted suit against Larry Moskau; her liability insurer, Southern Farm Bureau Insurance Company,[1] under the uninsured motorist provisions of her policy; and, Audubon Indemnity Company, her collision insurer, for special damages, penalties and attorneys' fees. However, during pretrial discovery procedures plaintiff learned that the Mustang vehicle was insured by the Insurance Company of North America (INA). She amended her petition to include this latter named insurer as a party defendant.
The trial judge rendered judgment in favor of the plaintiff only against her collision insurer, Audubon Indemnity Company, for the actual amount of the cost of repairs to her automobile and rejected her claim for penalties and attorneys' fees against this defendant and, further, rejected her claim for personal injuries and other special damages against the remaining defendants, INA and Larry Moskau. It is from this judgment that plaintiff has appealed. The trial judge did not assign written or oral reasons for his decision. However, based on the fact that plaintiff's claims against defendants, INA and Moskau, *889 were rejected under the particular facts of this case, it must be assumed that the trial judge held her guilty of contributory negligence. In doing so we find that the judge a quo erred as a matter of law and reverse.
On the morning of the accident plaintiff and Moskau were at the Office Lounge located on U.S. Highway 190 approximately three miles west of the City of Hammond, Louisiana. When plaintiff decided to leave the lounge at approximately two o'clock A. M. Moskau offered to follow her home to make sure that she got there safely because of the heavy, intermittent fog condition existing in the area. Moskau followed the plaintiff's vehicle down the road although he could not see it because of the dense fog. As plaintiff reached the intersection of the Old Hammond Highway and the Pumpkin Center Road she slowed her vehicle to a speed of approximately 10 m.p.h. and activated her left turn signal indicator. However, before she could complete her turn onto the Pumpkin Center Road she was struck in the rear by the Mustang driven by Moskau.
Mr. Moskau stated that there was a heavy fog bank at this intersection and that he did not observe plaintiff's vehicle until he was forty feet from it. He immediately applied his brakes but could not avoid the collision. He stated that at the moment he first observed plaintiff's vehicle he was traveling approximately 40 m.p.h.
Thus, based on the facts above stated, we are concerned with a situation involving a rear-end collision in an area where visibility is impaired by fog.
Inasmuch as we are here concerned with a rear-end collision, Moskau, as the following motorist, bears the burden of exculpating himself from the inference of negligence. Strother v. State Farm Mutual Automobile Insurance Company, 238 So.2d 774 (1st La.Appeal, 1970).
The duty imposed upon Moskau in view of his limited visibility is set forth in Campbell v. American Home Assurance Company, 260 La. 1047, 258 So.2d 81, 83 (1972), viz:
It is well settled that when visibility is impaired by smoke, fog, or other unfavorable atmospheric conditions, a motorist must exercise care in the operation of his vehicle commensurate with the danger created by the conditions. He must reduce his speed and maintain a close lookout. As an extreme measure, when visibility is destroyed or greatly obscured, he must stop his vehicle until conditions permit him to resume travel in reasonable safety. See Demerest v. Travelers Insurance Company, 234 La. 1048, 102 So.2d 451 (1958); Castille v. Richard, 157 La. 274, 102 So. 398, 37 A. L.R. 586 (1924); 8 Am.Jur.2d, Automobiles and Highway Traffic, § 730, pp. 283-284.
Whether or not plaintiff's conduct falls below the objective standard for his self-protection is a question of fact, depending upon all the circumstances. Among the factors to be considered here are the extent of visibility, nature of the roadway, and congestion of traffic. (citations omitted)
Moskau, by his own admission, entered an area of limited visibility at a speed of 40 m.p.h. and did not see plaintiff's vehicle until he was forty feet from it. These facts dictate a finding that Moskau's speed was excessive under the prevailing conditions and was a cause in fact of the accident.
We now turn to the question of plaintiff's contributory negligence. Defendants, INA and Moskau, argue that plaintiff was guilty of contributory negligence by driving her vehicle into a fog bank and endeavoring to make a left turn, an even more dangerous maneuver under the circumstances. They cite Walden v. Employers Liability Assurance Corp., 197 So.2d *890 350, (2d La.App., 1967) and the authorities therein relied upon as controlling. In Walden, the court stated: 197 So.2d 350, 351:
"There can be little doubt that plaintiff's attempt to negotiate the dense area of smoke and fog under the circumstances was a proximate cause of the accident. A driver of a vehicle is guilty of negligence or contributory negligence, as the case may be, when he drives into a screen of dust, smoke or fog which greatly impairs his visibility. Castille v. Richard, 157 La. 274, 102 So. 398, 37 A. L.R. 586; McLelland v. Harper, La. App., 38 So.2d 425; Employers Fire Insurance Company v. Rodgers, La.App., 47 So.2d 404; Rosenbloom v. Mercer, La.App., 8 So.2d 328. Seal v. Core, La. App., 175 So.2d 676 (1st Cir. 1965).
"In McLelland v. Harper, La.App., 38 So.2d 425 (2nd Cir. 1948) the court declared:
"`* * * the record conclusively establishes the fact that the drivers of both vehicles were moving along the road in opposite directions, enveloped in a dense screen of smoke through which neither had any degree of visibility whatsoever. Under such circumstances there can be no question as to the fact that both drivers were guilty of negligence. The jurisprudence of this State is now well established to the effect that under similar or comparable circumstances the action of the driver of a vehicle in continuing the movement of his vehicle when vision is obscured or reduced to the danger point constitutes negligence.'" (38 So.2d 425)
We do not find that the facts in Walden or the authorities cited therein are entirely apposite to those in the litigation at hand because in the Walden case in each instance the visibility was either nil or practically nil. In such cases the court there held that it was negligence for any driver to attempt to maneuver a vehicle in or through an area of literally no visibility.
We believe the facts relating to speed and visibility as found by us in Dove v. Messina, 230 So.2d 615 (1st La.App.1969), writs refused 255 La. 471, 231 So.2d 392 (1970), are more analogous to those similar facts in the case at bar. In Dove, we quoted from Hernandez v. State Farm Mutual Automobile Insurance Company, 192 So.2d 679 (3rd La.App., 1966), writs refused as untimely applied for, 250 La. 103, 194 So.2d 99 (1967), as follows: 230 So.2d 615, 617:
"The jurisprudence of this state is firmly established to the effect that when visibility is materially impaired because of smoke, mist, dust, fog or other atmospheric conditions, a motorist is held to a duty of operating his vehicle with an unusually high degree of care. He should reduce his rate of speed to such an extent, and keep his car under such control as to reduce to a minimum the possibility of accident from collision. And, as an extreme measure of safety, it is his duty when visibility ahead is not possible or is greatly obscured, to stop his car and remain at a standstill until conditions warrant going forward. He does not have the right to assume that his course of travel is free from danger or obstruction in the absence of his ability to see clearly ahead, and if he continues to travel as if he knew there was perfect clearance ahead, he does so at his own risk and peril." (citations omitted)
See also Ervin v. Burns, 126 So.2d 805 (2nd La.App., 1961).
We find that while these two lines of authority, i. e., Walden and Dove, are similar in their general requirements, they nevertheless vary in the application of these requirements because of the difference in the degree of visibility. In the Walden cases, visibility is practically nil whereas in the Dove authorities visibility *891 is somewhat less restricted. In these latter situations a driver was not considered to be negligent and/or contributorily negligent if that driver was traveling at a reduced speed where such reduced speed met the test of conduct commensurate with the prevailing conditions. It is not negligence for a driver to proceed through or into an area of reduced visibility if his speed is such that he can stop his vehicle within the limits of his visibility.
On the question of defendants' plea of contributory negligence on the part of the plaintiff, we accept as proven those facts as testified to by Moskau. By doing so our decision turns on an issue of law rather than one of fact. Moskau stated that he was traveling at a speed of 40 m. p.h. in this area of restricted visibility and did not discern the presence of plaintiff's vehicle until it was forty feet from him. We conclude that visibility in the immediate vicinity of the accident was at least forty feet. Therefore, Moskau should have been driving his vehicle at no greater speed than that which would have enabled him to stop his vehicle within this distance. Common experience satisfies us that had Moskau been traveling at 10 m.p.h. (the same as plaintiff), he could have stopped his vehicle within a distance of forty feet and avoided the collision. In essence, we hold that a proper speed commensurate with the conditions prevailing at the time of this accident would have been 10 m.p.h. or less, again, the same speed as plaintiff. It is apparent to us that Moskau's excessive speed and not the presence of plaintiff's vehicle was the cause in fact of the ensuing accident and Moskau's and INA's plea of contributory negligence on the part of plaintiff must be rejected.
INA defended this action on two grounds, namely: (1) that Moskau was not negligent in any respect; and (2) alternatively, in the event of Moskau's negligence, that the policy issued by it was inoperative on the ground of their assured's failure to notify it that an accident had occurred. Inasmuch as we have discussed the negligence of Moskau, above, we turn to INA's alternative plea of lack of notice.
On the night of the accident the plaintiff and Moskau decided that it was not necessary that an officer be called. At the trial Moskau testified that he did not advise the owner of the vehicle or the insurer of the accident because he did not think that it would result in litigation. INA offered no proof that its rights were prejudiced for failure to receive notice of the accident other than to state in brief that lack of such notice deprived it of the opportunity to obtain countervailing medical relative to plaintiff's injuries. As a matter of fact, the only medical in the record other than the testimony of plaintiff concerning the latter's injuries was a medical report from Dr. Alexander J. Feder, dated May 11, 1973, and an x-ray report of Dr. David S. Malen dated January 7, 1972. These two reports were offered in evidence by stipulation in lieu of the testimony of the named physicians. We concede that INA was not notified of the accident until the filing of a supplemental petition on July 11, 1974, naming them as a party defendant. By that time plaintiff had almost completely recovered from her injuries. However, INA has offered no other evidence in support of its claim of prejudice other than the possibility of any rebuttal medical that might have inured to its benefit. We do not find that the medical in this case is very complicated or such that might lend itself to exaggeration. Following INA's entrance into this litigation no attempt was made by this particular defendant to depose the treating physician in an effort to minimize the consequences of his report of May 11, 1973. Under these circumstances, we do not find that lack of notice of the accident to INA by either Mr. Moskau or the owner of the vehicle constitutes a bar to liability under the policy.
*892 The law pertaining to lack of notice by an insurer as a defense to liability under its policy is stated in West v. Monroe Bakery, 217 La. 189, 46 So.2d 122 (1950). Generally stated, the rule is that failure of notice does not affect the rights of a third party unless there is a showing of a conspiracy between the injured and the insured to defraud the insurer. There is not one scintilla of evidence in the record before us that such is the case here. Accordingly, INA's defense in this respect is rejected.
As a result of the accident plaintiff suffered an acute whiplash, cervical neck sprain and an acute sprain of her lower back. In addition, she suffered bruises and contusions of the right hip, upper abdomen, lower chest, and right forehead. She was not hospitalized but was treated by Dr. Feder from December 13, 1971 until August 16, 1972. Initially he prescribed muscle relaxants and analgesics for pain. She received extensive physiotherapy treatments for two and one-half months and on a less frequent basis for five and one-half months. She incurred medical expenses totaling $703.00. She was unable to work at her employment from December 11, 1971 until February 29, 1972, a period of two and one-half months. For these injuries we feel the sum of $6,500.00 will adequately compensate her.
Plaintiff was employed at a salary of $500.00 per month. She lost two months and two and one-half weeks from work. She is entitled to special damages for loss of wages in the amount of $1,375.00.
In addition, plaintiff's vehicle was damaged to the extent of $797.69.
As stated above, the trial judge rendered judgment in favor of plaintiff and against her collision insurer, Audubon Indemnity Company. The sum decreed was $697.69, the amount of the loss less the deductible. Audubon appealed and argues that it should not be liable under its policy for the reason that plaintiff failed to advise it of the accident, thereby precluding Audubon from instituting suit in subrogation for reimbursement of its loss. Proof of loss filed in the record is dated February 9, 1972. The trial judge, of necessity, had to render judgment in favor of the plaintiff against her liability insurer because he denied her claim against Moskau and INA. As a result of our decision herein, holding Moskau negligent and INA liable under its policy, plaintiff is entitled to recover the amount of special damages for the repair of her automobile from INA under the property damage portion of its policy. The judgment against Audubon should therefore be reversed.
INA's policy covering the Mustang automobile was filed in evidence. It indicates a coverage of $5,000.00 to each person for bodily injury and a $5,000.00 limit for property damage.
For the above and foregoing reasons, the judgment of the district court in favor of the plaintiff and against Audubon Indemnity Company is reversed and judgment is rendered herein in favor of the latter and against plaintiff, rejecting plaintiff's demands. The judgment of the district court in favor of Southern Farm Bureau Casualty Insurance Company[2] and against plaintiff is affirmed. The judgment of the district court in favor of the defendants, Larry Moskau and Insurance Company of North America, rejecting plaintiff's claim is reversed and judgment is rendered herein in favor of the plaintiff, Lynette Foster O'Neal, and against Larry Moskau and Insurance Company of North America, jointly and in solido, in the sum of $5,797.69, together with legal interest thereon from date of judicial demand, until paid. Judgment is rendered herein in favor of the plaintiff, Lynette Foster O'Neal, and *893 against defendant, Larry Moskau, in the full sum of $3,578.00 together with legal interest thereon from date of judicial demand, until paid. All costs are assessed against defendant, Insurance Company of North America.
Affirmed in part, reversed in part and rendered.
NOTES
[1] Actual insurer Southern Farm Bureau Casualty Insurance Company.
[2] See footnote on p. 888.