317 So.2d 267 (1975)
Louis McDONALD et ux., Plaintiffs and Appellees,
v.
FIDELITY & CASUALTY COMPANY OF NEW YORK et al., Defendants and Appellants.
No. 5064.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1975.
Rehearing Denied August 28, 1975.
*268 Stockwell, St. Dizier, Sievert & Viccellio by Robert W. Clements, Lake Charles, for defendants-appellants.
Raleigh Newman, Lake Charles, for plaintiffs-appellees.
Before HOOD, CULPEPPER and WATSON, JJ.
CULPEPPER, Judge.
This is a suit for damages for personal injuries. The plaintiff, Mrs. Dorothy McDonald, was driving her automobile downgrade on a bridge on Interstate Highway 10 near Lake Charles. Her vehicle was struck violently from the rear by a heavily loaded truck-tractor being driven by the defendant, Carlton J. Beale, and insured by the defendant, Fidelity & Casualty Company of New York. A jury awarded Mrs. McDonald $8,000 in general damages. The jury awarded $4,000 in special damages to her husband, Louis McDonald. The defendants appealed, contending the awards are excessive.
On appeal, the plaintiff, Louis McDonald, admits the award to him of $4,000 for special damages is excessive, and should be reduced to the actual allowable medical expense which he paid as head and master of the community. The substantial issue is whether the award of $8,000 in general damages to Mrs. McDonald is excessive.
The evidence shows the impact was severe. The McDonald vehicle was a total loss. The front seat, where Mrs. McDonald and her son were riding, was thrown into the back seat. Mrs. McDonald, who is 38 years of age, suffered a whiplash injury to the cervical area and straining injuries to the lumbar area.
Immediately after the accident, on March 21, 1973, Mrs. McDonald was taken to a hospital where she was examined by Dr. Charles Anderson, a general practitioner. She complained principally of pain in the cervical area, but the doctor found no objective symptoms, such as muscle spasm, restricted motion or positive x-ray findings. He prescribed drugs for pain and muscle relaxation, and released her without hospitalization.
Two days later, Dr. Anderson saw Mrs. McDonald again in his office. On that occasion he again found no objective symptoms, but he instructed Mrs. McDonald to continue to take the drugs which he had prescribed.
Approximately 10 days after the accideat, Mrs. McDonald went to see Dr. William Akins, Jr., an orthopedic surgeon. She complained of pain in the cervical area, radiating down the arm, and also pain in the low back area. Dr. Akins found "a tenseness or thickening of the muscles in the front part of the neck." However, he found no restriction of motion of the neck and no other objective findings in the cervical area. X-rays of both the cervical and lumbar areas were within normal limits. Dr. Akins' impression was that Mrs. McDonald was suffering from a whiplash injury and low back pain. He recommended complete bed rest at home for seven days and prescribed drugs for pain and rest.
Dr. Akins continued to treat Mrs. McDonald for a period of about three months. During this time he prescribed a back brace or corset to minimize the low back complaints. He finally discharged her on June 19, 1973, as having recovered to the extent that no further treatment was necessary. However, he did say that she was still having the "band-like" headaches which were typical of whiplash injuries, and she was also still complaining of aching in the shoulders and pain in her neck and back.
At the request of plaintiffs' attorney, she was examined on April 17, 1973 by Dr. George P. Schneider, an orthopedic surgeon. It was his opinion that Mrs. McDonald was recovering from a straining *269 injury to the cervical and lumbar areas. His prognosis was for recovery in a period of about three months from the date of his examination, with no residual disability.
Mrs. McDonald testified that she spent much time at home in bed, and that she wore her corset when not in bed until December of 1973. She said the pain was such that she could not stand on her feet very long and could not attend beauty school classes.
Susan Simmons, a neighbor of Mrs. McDonald, also testified about Mrs. McDonald's reduced activity after the accident.
Mrs. McDonald testified that after leaving the treatment of Dr. Akins, the pain finally became so severe that on November 1, 1973 she went to see Dr. Eastman, a chiropractor. She saw this chiropractor a total of 23 times over the period November 1, 1973 to January 16, 1974. She testified she stopped going to see the chiropractor because she could no longer pay the bills.
Defendant contends that according to the testimony of the physicians, Mrs. McDonald suffered only a minimal whiplash injury which caused pain for only about three months. Under these circumstances, defendants contend the award of $8,000 in general damages is grossly excessive and should be reduced to no more than $2,500.
On the other hand, plaintiff contends that although Dr. Akins discharged Mrs. McDonald about three months post-injury, he said that she still had some tenderness and pain. Of course, plaintiff relies heavily on her own testimony that she continued to have pain for a total of about 15 months, on the fact that she went to see a chiropractor 23 times during a period of 2½ months which was 9 or 10 months post-injury, and on the testimony of the lay witness that she appeared to restrict her activity because of pain.
In the recent case of Bitoun v. Landry, La., 302 So.2d 278 (1974) our Supreme Court restated the rule of appellate review of awards for personal injuries as follows:
"The question is not whether a different award might have been more appropriate, but whether the award of the trial court can be reasonably supported by the evidence and justifiable inferences from the evidence before it. That such evidence might also support a greater (or smaller) award will not justify a change in the "amount by the appellate court. Only when the trial court abuses its broad discretion should the award be adjusted, either up or down."
In the present case, the evidence is not conclusive as to whether this was a three-month whiplash, as contended by the defendant, or a 15-month whiplash, as contended by plaintiff. There are reasonably justifiable inferences which the jury could have drawn from the evidence that the residuals from this injury lasted considerably longer than three months. Under all of the circumstances, we cannot say, under the above quoted rule of appellate review, that the trial jury abused its broad discretion.
As stated above, the plaintiff, Louis McDonald, concedes that the award of $4,000 for special damages is excessive. This award must be reduced to the actual medical expense in the sum of $322.23, plus the cost of the chiropractor's services in the sum of $198, a total of $520.23.
For the reasons assigned, the judgment appealed is amended to reduce the award for special damages to Louis McDonald from the sum of $4,000 to the sum of $520.23. Otherwise, the judgment is affirmed. All costs of this appeal are assessed against the defendants.
Affirmed, as amended.