WATSON, Judge.
An automobile driven by the defendant, Mervin J. Vercher, and insured for public liability by the defendant, Electric Mutual Insurance Company, struck the rear of an automobile driven by plaintiff, Jessie Lair, in which his wife, the plaintiff Lucille Lair, was a passenger on August 3, 1974. This resulting lawsuit was tried and special damages were awarded to Jessie Lair in the amount of $141.47 and general damages to Lucille Lair in the amount of $4,000. The defendants have appealed the judgment, contending that the amount awarded Mrs. Lair is grossly excessive and the plaintiffs have appealed, contending that the award to her is inadequate.
Liability is not contested, and the only issue on appeal is whether the award is excessive or inadequate.
Defendants point to two principal facts in support of their contention that the award is far out of proportion to the injuries. First, the damages to the Lair vehicle were only $121.47, according to an estimate filed in the record as P-1. Second, Mrs. Lair sought and received only the barest minimum of medical attention following the accident. Immediately after the accident, she reported to the emergency room of an Alexandria hospital where she was examined and x-rayed. She was not hospitalized, but she was given a prescription for pain pills and released. Thereafter, she did not have any additional medical treatment.
However, some four months post-accident the defendants obtained an examination of Mrs. Lair by Dr. T. E. Banks, a well-recognized orthopedic surgeon of Alexandria. He diagnosed her injury as a “mild cervical strain” (Dep. 13). Dr. Banks reported a finding of persistent tenderness in the right side of her neck at about the second cervical vertebra. He also found some discomfort on bending of the neck and found consistent her complaints of pain radiating to the side of the neck and down the sternocleidomastoid muscle. Dr. Banks gives his opinion that her symptoms and complaints should not persist beyond a six to eight-week period following examination, although he stated that recovery varies from individual to individual.
Dr. Banks’ testimony was filed in evidence by deposition on behalf of the defendants.
The trial judge had the benefit, not only of Dr. Banks’ deposition, but also of seeing and hearing the plaintiff, Lucille Lair. He was in a position to evaluate the sincerity of her complaints.
While the amount awarded for pain, suffering and disability may be in the high range of the trial court’s discretion, we cannot say that he abused the authority vested in him by Louisiana Civil Code article 1934. McDonald v. Fidelity & Casualty Company of New York, 317 So.2d 267, (La.App. 3 Cir. 1975); Bitoun v. Landry, 302 So.2d 278 (La.1974); Fox v. State Farm Mutual Automobile Insurance Co., 288 So.2d 42 (La.1973).
Therefore, we do not find the award excessive, and likewise, we find no merit to the contention that the award is inadequate.
The judgment of the trial court is affirmed and the defendants, Mervin J. Ver-cher and Electric Mutual Insurance Company, are casts for costs.
Affirmed.