LANDRY, Judge.
This appeal by defendants T & M Fertilizer Co. (T & M); John R. Thibodeaux, employee of T & M; and, The Travelers Insurance Company, T & M’s insurer, seeks reduction of damages awarded plaintiff Coleman Givens for personal injuries sustained in an automobile accident. The trial court awarded plaintiff general damages in the sum of $10,000.00 for injuries consisting principally of lumbosacral and cervical strain which activated and aggravated a pre-existing osteoarthritic condition. We affirm.
Appellants do not complain of the finding of liability. They allege merely that the *1058 award for personal injuries was excessive and should be reduced to $2,000.00.
The accident in question occurred at approximately 7:50 A.M., November 5, 1978, on two lane Louisiana Highway 1, in Assumption Parish. It suffices to state that plaintiff’s southbound vehicle was stopped in its proper lane of travel in deference to a northbound school bus stopped in its proper lane of travel while boarding schoolchildren. While thus stopped, plaintiff’s vehicle was struck from the rear by a southbound truck belonging to T & M and being driven by Thibodeaux.
Plaintiff, who was approximately 65 years of age at the time of the accident, was rendered unconscious as a result of the collision. He was taken from the accident scene to a local hospital where he was seen and attended by Dr. Jon Anthony Savoie. Initial examination by Dr. Savoie disclosed plaintiff was in considerable pain. Plaintiff complained primarily of pain in the lumbo-sacral and cervical areas. Plaintiff was also found to have a slightly elevated blood pressure which condition was attributed to excitement resulting from the accident and which condition was considered expectable under the circumstances, particularly because plaintiff was greatly agitated over the possibility he had sustained a broken back. Dr. Savoie prescribed bed rest on a hard mattress and ordered muscle relaxants and pain relievers. X-rays taken proved negative as to fracture in either the lumbo-sacral or cervical areas affected. Because of the fear of injuring plaintiff due to undetected fractures or other internal injuries, Dr. Savioe waited 48 hours before giving plaintiff a thorough neurological examination. The examination disclosed tenderness in the cervical area and soreness accompanied by muscle spasm in the low back region. Some limitation of range of motion in plaintiff’s back and neck was also observed.
Dr. Savoie discharged plaintiff from the hospital on November 9, 1973, to return home for bed rest and “easy ambulation”. On November 13,1973, plaintiff reported to Dr. Savoie’s office for examination which disclosed continued soreness of the back accompanied by a fair range of motion. Dr. Savoie prescribed continued dosages of muscle relaxants and advised plaintiff to return in about two weeks. Plaintiff returned November 23, 1973, at which time plaintiff was somewhat improved but still complained of back pain. On December 7, 1973, Dr. Savoie discharged plaintiff after examination which revealed that plaintiff was feeling well. In summary, Dr. Savoie diagnosed plaintiff’s injuries as lumbosacral strain signifying a pulling or overextension of muscles as distinguished from a sprain which is usually understood to mean a tearing of muscles. Dr. Savoie also found that plaintiff’s back and neck strain activated a dormant osteoarthritic condition in both said areas.
Plaintiff’s testimony is to the effect that prior to the accident he was healthy and active. Upon returning home from the hospital he remained in bed at home for most of the ensuing six weeks. He acknowledged he was in and out of bed during this period in which interval he took medication and indulged in heat therapy, including hot baths four or five times weekly. He stated that prior to the accident he had no neck or back pains and was not troubled by arthritis in either area. Following the accident he suffered continuously with pain in the back and hip as well as neck pain. At the time of trial he was still suffering from frequent pain in his back and hip, and occasional pain in his neck.
As regards assessments of damages, LSA-C.C. Article 1934(3) pertinently provides:
“In the assessment of damages in cases of offenses, quasi offenses and quasi contracts, much discretion must be left to the judge or jury . . .
Appellants, citing Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), and Sticker v. General Foods Corp. et al., 324 So.2d 568 (La.App. 1st Cir. 1975), contend some degree of uniformity is to be maintained in the awards of damages for similar injuries. Thus arguing, Appellants cite numerous cases in which awards for injuries similar to *1059 those sustained by plaintiff herein, have ranged from $1,600.00 to $4,750.00. See Ritter v. Thornton, 309 So.2d 750 (La.App. 4th Cir. 1975); Levron v. Dupre, 307 So.2d 107 (La.App. 1st Cir. 1975); Jennings v. Allstate Insurance Company, 241 So.2d 778 (La.App. 3rd Cir. 1970); Curry v. Vallot, 271 So.2d 711 (La.App. 1st Cir. 1972). Predicated on these authorities, and others involving similar injuries, Appellants maintain that plaintiffs award should not exceed $2,000.00.
In the recent case of Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La.1974), our Supreme Court reiterated the rule that appellate review of awards for general damages is limited to determining whether the trial court has abused its great discretion in such instances. The court also noted that the adequacy or inadequacy of an award is to be determined on the basis of the facts and circumstances peculiar to the case under review, considering that the trier of fact has the advantage of seeing the witnesses and evaluating their testimony, including that relative to residual pain. Considering the uniformity of awards, the Supreme Court, in Anderson, above, noted:
“The awards made in other cases provide no scale of uniformity; their use is limited to serving as an aid to determine, if the present award is greatly disproportionate to similar awards (if truly similar), whether an issue of abuse of discretion may exist in the present case.”
In this instance we note the observation of the trial court to the effect that at the time of trial plaintiff was suffering from an arthritic condition apparent to the court “who observed the plaintiff’s posture and demeanor during the trial of the case”. It is clear from the record that the arthritic condition noted by the court was activated by the injuries plaintiff sustained in the accident. It is also clear this condition existed at the time of trial more than one year after the accident. We likewise note Dr. Savoie’s testimony that this condition is likely to continue indefinitely.
Under the circumstances peculiar to this case we find no abuse of the much discretion vested in the trial court in the assessment of damages.
The judgment of the trial court is affirmed, at Appellants’ cost.
Affirmed.