HALL, Judge.
These consolidated suits arise out of an intersectional collision between automobiles driven by Mrs. Charlotte O. Rogers and Mrs. Inez D. Urbanic, with Mrs. Urbanic’s automobile ultimately crashing into a building owned by King Plaza, Inc. The trial court found both drivers negligent. The building owner and its insurer were awarded damages against both drivers and their insurers. Demands for loss of earnings by W. D. King and a floral supply company owned by him were rejected. Mrs. Urbanic’s demands for damages against Mrs. Rogers and her insurer were rejected. The losing parties in each case appealed. For reasons set forth in this opinion, we reverse the finding of negligence on the part of Mrs. Urbanic, reversing the judgments against her and her insurer and rendering judgment in her favor for damages.
The initial collision occurred at the intersection of Hearne Avenue and Hillcrest Street in Shreveport. Hearne is a major thoroughfare with two northbound and two southbound lanes, divided by a median. Hillcrest is a two-lane side street running east and west, with a stop sign at its intersection with Hearne. The Urbanic automobile was traveling north on Hearne. The Rogers vehicle was traveling west on Hill-crest and made a right turn north on Hearne.
Mrs. Rogers testified she stopped at the stop sign and waited for northbound traffic on Hearne to clear. She saw a blue car traveling in the inside lane north on Hearne about a block to the south. She commenced her right turn on Hearne, the blue car being about half a block to the south and still in the inside lane. She completed the right turn into the outside northbound lane of Hearne and traveled about a car length when her automobile was struck on the left side near the front by the Urbanic automobile, which then crossed the median, the southbound lanes of Hearne, a parking lot and crashed into the King Florist building on the west side of Hearne. Mrs. Rogers did not see the car that she collided with and could not say it was the same blue car she saw traveling north on Hearne.
Mrs. Urbanic testified she entered Hearne in her blue automobile from a driveway on the east side of Hearne about half a block south of Hillcrest. After waiting for traffic to clear, she made a right turn into the inside northbound lane of Hearne, behind another blue automobile traveling north. She got into the inside lane because it was her intention to make a left turn off of Hearne several blocks farther north. She noticed the Rogers automobile approaching Hearne on Hillcrest at a faster speed than seemed appropriate in order for the car to stop at the stop sign. She stayed in the left-hand lane and the next thing she knew her automobile was struck on the right side by the Rogers automobile. She then tried unsuccessfully to apply her brakes, lost control of the car which went across the median, ducked under the dashboard to protect herself, and the car ended up hitting the King Florist building.
A disinterested eyewitness, Herschel W. Greenway, driving a blue car with a white *1001 top, testified he was traveling north on Hearne several hundred yards south of the Hillcrest intersection, rushing to take his injured son to the hospital. He saw the Urbanic automobile straddling the center line between the two northbound lanes of Hearne and saw Mrs. Rogers’ automobile come out of Hillcrest and strike the Urbanic automobile. His observation was that Mrs. Rogers did not stop at the stop sign.
The investigating police officer established the point of impact as being in the outside northbound lane of Hearne, at about the north line of Hillcrest. He testified Mrs. Urbanic told him after the accident she was changing lanes at the time of the accident.
The trial judge in written reasons for judgment found there was evidence that Mrs. Rogers did not stop before entering Hearne, contrary to her testimony, and evidence that Mrs. Urbanic was turning from the inside to the outside or right lane at the time of the impact, contrary to her testimony. From this evidence, the trial judge concluded that both drivers were negligent and the ensuing damages were the result thereof.
Clearly, Mrs. Rogers was negligent in entering Hearne in the face of oncoming northbound traffic, regardless of whether Mrs. Urbanic was in the inside or outside lane, and regardless of whether Mrs. Rogers did or did not stop before entering the right-of-way street. There is no evidence to support the contention of Mrs. Rogers and her insurer that Mrs. Urbanic was traveling at an excessive rate of speed. The blue car seen by Mrs. Rogers could not have been the Urbanic car because Mrs. Rogers placed it more than a block to the south when she first saw it, but Mrs. Ur-banic entered Hearne only half a block to the south.
Although there is some evidence that might justify the trial court’s finding that Mrs. Urbanic changed lanes, the evidence does not support the conclusion that she was negligent. There is no prohibition against a motorist changing lanes on a multiple-lane street. The evidence does not show, and the trial court did not find, that Mrs. Rogers had already entered Hearne when Mrs. Urbanic changed lanes. The point of impact near the north line of the side street and the area of damage to the two automobiles indicate otherwise. The disinterested eyewitness testified Mrs. Ur-banic was straddling the line between the two northbound lanes, which coincides with the established point of impact. Regardless of whether Mrs. Urbanic changed lanes, the facts are that Mrs. Rogers entered the right-of-way street and collided with the Urbanic vehicle which was proceeding legally on the right-of-way street. The evidence does not establish any negligent actions on the part of Mrs. Urbanic that contributed to the accident.
The evidence supports the trial court’s finding that the negligence of Mrs. Rogers was a legal cause of the damage to the building. The collision caused Mrs. Ur-banic to lose control of her automobile, a natural and expectable consequence of the collision brought about by Mrs. Rogers’ negligence. When Mrs. Urbanic was unable to bring her car under control and crossed the median in the path of southbound traffic, her abandonment of the steering wheel and placing herself under the dashboard for protection in a perilous situation was not unreasonable. This action did not serve to break the causal relationship between Mrs. Rogers’ negligence and the damage to the building. The judgments in favor of the building owner and its insurer against Mrs. Rogers and her insurer are correct.
Mrs. Urbanic received emergency treatment of seemingly minor injuries at the hospital and, although her back was hurting, she was released to go home. Her pain increased and the next morning she saw Dr. Harold Bicknell, an orthopedic specialist. He diagnosed her injury as acute musculo-ligamentous strain to the thoracic and lumbar areas of the spine and prescribed muscle relaxant medication and sedation. X-rays showed considerable osteoporosis with some osteoarthritis in the areas. She was hospitalized for four days and then *1002 stayed in bed at home for ten days to two weeks. Mrs. Urbanic saw Dr. Bicknell regularly from the time of the accident in January, 1975, through June, 1976, complaining of back pain for which she was given injections. Although 74 years of age at the time of the accident, Mrs. Urbanic was very active and since the accident her activities have been somewhat restricted.
We fix the award for her pain and suffering at $7,500. Compare Givans v. T & M Fertilizer Co., 340 So.2d 1057 (La.App. 1st Cir. 1976), where a $10,000 award for similar injuries was affirmed. Special damages were established as $395 doctor’s charges, $378 hospital charges; $196.66 medicine, and $100 deductible damage to the automobile.
No issue is made on appeal as to the amount of damages awarded to King Florist and its insurer. No brief has been filed on behalf of W. D. King or his supply company in support of their appeal of the rejection of their demands, which will not be considered.
In Suit No. 13,293, the judgment in favor of plaintiff, King Plaza, Inc., against defendants, Inez D. Urbanic and Allstate Insurance Company, is reversed and set aside and judgment is rendered rejecting the demands of said plaintiff against said defendants. Otherwise, the judgment of the district court is affirmed. Costs of the appeal are assessed to the defendants, Commercial Union Insurance Company and Charlotte O. Rogers.
In Suit No. 13,294, the judgment is reversed and set aside and judgment is rendered in favor of plaintiff, Inez D. Urbanic, individually, against defendants, James L. Rogers, Charlotte O. Rogers and Commercial Union Insurance Company, in solido, in the amount of $7,500, and in favor of plaintiff, Inez D. Urbanic, as administratrix of the Succession of Frank A. Urbanic, against the said defendants, in solido, in the amount of $1,069.66, together with legal interest on said amounts from judicial demand until paid, and all costs of this suit including the costs of appeal.
In Suit No. 13,295, the judgment in favor of plaintiff, Florist Mutual Insurance Company, against defendants, Allstate Insurance Company and Inez D. Urbanic, individually and as administratrix of the Succession of Frank A. Urbanic, is reversed and set aside and judgment is rendered rejecting the demands of said plaintiff against said defendant. The judgment is otherwise affirmed. Costs of the appeal are assessed to defendants, Commercial Union Insurance Company, James L. Rogers and Charlotte O. Rogers.