CUTRER, Judge.
This is a suit to recover damages for personal injuries received in a collision between a taxicab and a train. Mrs. Zita Sias Henry, a passenger in the taxicab, sued the taxicab driver, Gerald Cormier, Sr., his employer, Hilliard Bordelon, the employer’s insurer, Travelers Insurance Company, and Missouri Pacific Railroad Company. The trial court found the taxicab driver to be the sole tort-feasor. Judgment was rendered in favor of plaintiff against all defendants except Missouri Pacific Railroad Company. The trial court awarded general damages of $2,500.00 and special damages of $3,514.10. Plaintiff appealed after the trial court denied her motion for a new trial. We amend and affirm.
The issues raised on appeal relate only to quantum. First, plaintiff contends the award of general damages was so inadequate it constituted an abuse of discretion by the trial court. Secondly, the plaintiff contends the trial court erred in not awarding plaintiff the cost of the medical services rendered by Dr. L. H. Boulet, Jr. Additionally, the plaintiff urges this court to cast the defendants with the costs of Dr. Boul-et’s testimony.
At the time of the accident plaintiff was seated in the rear seat of the taxicab. As a result of the accident she was thrown forward, she struck the front seat and then was thrown to the floor of the taxi. Following the accident, plaintiff, was taken to the Opelousas General Hospital. She was seen there by Dr. Alban Williams, her family physician. This physician found “contusions, some sprains in the cervical and lumbar area.” Her principal injury was the lumbosacral sprain which Dr. Williams classified as mild to moderate. Due to plaintiff’s complaints, he admitted her to the hospital.
Plaintiff was very obese, being 5 feet 4 inches tall and weighing approximately 224 pounds. Dr. Williams explained that plaintiff was also very emotional and had a tendency to overreact to pain. The obesity and emotional problem presented difficulties in evaluating plaintiff’s complaints. Dr. Williams stated that, due to the excess weight, he was unable to ascertain the existence or extent of muscle spasm. He called in an orthopedic surgeon, Dr. L. Lá-zaro, III, for consultation. This physician examined plaintiff on three occasions and, according to his reports filed in evidence, could find no objective evidence that would justify her complaints. He could find no orthopedic basis for plaintiff’s numerous complaints. He stated that plaintiff’s responses during examination Were not entirely consistent. Plaintiff was hospitalized for a period of three weeks. Following release from the hospital, plaintiff continued her complaints and reported to Dr. Williams numerous times for ultrasound treatment for her back problem, which treatments continued from the time plaintiff left the hospital until Dr. Williams released her on November 11, 1977. Dr. Williams also prescribed medication during this period. When Dr. Williams last saw plaintiff on November 11, 1977, she was still complaining of pain in the back and legs and continued to do so up until the time of trial in September 1979. She also stated that she had headaches.
The trial court concluded that the effects of plaintiff’s injuries had subsided at the *9 time of release by Dr. Williams on November 11, 1977, which would have been four and one-half months post accident. The trial court awarded medical expenses incurred until that date in the amount of $3,514.10, but refused to allow any medical expenses for Dr. Boulet who treated plaintiff from December 1977 until time of trial in September 1979.
We have carefully examined the record and have concluded that the award of $2,500.00 for general damages, under the circumstances presented, is clearly on the low side or inadequate to compensate plaintiff for her injuries. We come to this conclusion fully cognizant of the limitations placed on the appellate court in changing an award made by the trial court under its broad discretionary power.
The plaintiff was hospitalized and treated for a period of three weeks following the accident. Following hospitalization she continued to receive treatment, practically on a daily basis, from Dr. Williams at his office. Dr. Williams prescribed medication for pain and administered ultrasound treatment. These treatments were administered over approximately a four month period. We also considered the lay testimony which reflects that the injuries received by plaintiff adversely affected her ability to move about and restricted her activities. We also note that plaintiff had not had any back problems prior to this accident.
Dr. Williams testified that plaintiff could possibly be exaggerating her complaints but he couldn’t say that her complaints were without foundation. Considering her obesity, emotional problems and the facts of the trauma received by her, he accepted the complaints and administered the extensive treatment set forth herein. He concluded his treatment approximately four and one-half months after the accident, at which time he felt that he had done all he could to alleviate her problem of the lumbosacral sprain. He felt that she would not have any further residuals as a result of the injuries.
The judges of this panel agree that, considering the facts of this case and similar cases of recent origin as guidelines, an award of $6,000.00 for general damages must be made. We conclude that this amount represents the lowest amount within the range of discretion and we increase the award to that amount.
Appellate review of small damage awards presents difficulty. To decrease or increase such an award would not involve any large sum. Such awards, however, must be reviewed under the same standards as larger awards and where the award of the trial court falls below or above what the appellate court views as the range of discretion, an adjustment must be made.
Next, plaintiff contends the trial court erred in not including the cost of Dr. Boul-et’s services in the award of special damages.
The trial court correctly refused to assess Dr. Boulet’s medical expenses against defendants. After Dr. Williams released plaintiff, she underwent surgery for problems unrelated to the accident. Following this surgery she started seeing Dr. Boulet, a general practitioner. He treated her for her chronic asthma condition, complaints of back pain and for her obesity problem. This physician testified that, since he saw her for the first time six months after the accident, he could not relate her back complaints to the injuries received in the accident. He stated that her extreme obesity could have been the source of the problem at that time. Under these circumstances we conclude that the trial court correctly refused to award the medical expenses attributable to Dr. Boulet’s treatment.
Since plaintiff failed to prove that the medical services of Dr. Boulet were rendered for injuries received in the collision, this court also concludes that the trial court correctly refused to cast the defendants for the costs of Dr. Boulet’s testimony.
For the above reasons, judgment of the trial court is amended by increasing the award of general damages from $2,500.00 to the sum of $6,000.00. As amended the judgment of the trial court is affirmed. *10 The costs of this appeal are assessed to defendants-appellees.
AMENDED AND AFFIRMED.